634 F.2d 772
 Vera E. GARY, Perry Smith, Karen R. Davis, and Sharon E.
Hamby, Individually and as representatives of all
others similarly situated, Appellants,
v.
J. Fred SPIRES, Individually and in his official capacity as
Administrator of the Check Clearing House for Lexington
County, South Carolina; American Fire & Casualty Insurance
of Orlando, Florida; Fogles Food City, Appellees,
and
The County of Lexington; Piggly Wiggly Corporation, Inc.;
Bi-Lo, Inc., Defendants.
 No. 80-1146.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 6, 1980.
Decided Dec. 9, 1980.
 
 Jean L. Perrin, Columbia, S. C., (John Earl Duncan, Rogers, Duncan, Fullwood & Perrin, Columbia, S. C., on brief), for appellants.
 William F. Able, Columbia, S. C., for appellees.
 Before BRYAN, Senior Circuit Judge, and RUSSELL and WIDENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs, Vera E. Gary et al., appeal an award of attorney's fees under 42 U.S.C. § 1988[1] to defendants J. Fred Spires and several merchants whom he represented. The allowance followed plaintiffs' unsuccessful suit against Spires et al. in the Federal District Court for South Carolina for the abuse of process, allegedly amounting to an abrogation of their civil rights, 42 U.S.C. § 1983.[2] Two months after the dismissal of plaintiffs' action and the expiration of the appeal period, the Court passed the fee order. We reverse.
 
 
 2
 The complaint had charged that Spires, as the administrator of a check clearing house in South Carolina, committed the civil rights violation by his method of debt collections. However, his plea of judicial immunity, by reason of his official position, was upheld and a judgment dismissing both Spires and the merchants was issued March 14, 1979. It included a direction that defendants recover the "costs of the action." Failing a timely appeal, the judgment became final on April 13, 1979. Not until two months later, in June, did Spires and the merchants move for § 1988 attorney's fees.
 
 
 3
 In our view deferment of a demand for fees until after the expiration of the appeal period was unjustified. A decision not to appeal may rest not only on the merits of the appellant's claim or defense, but also upon consideration of the expense of the review. Indeed, as is common knowledge among laymen and lawyers, a right or wrong must often be waived or suffered lest the contingent financial incurrence make it ill-advised. Here the plaintiffs were severely prejudiced-they were barred the opportunity to attempt this economic balance. Defendants did not broach to the plaintiffs word of their intended exaction of fees until it was too late for them to appeal. The demand should be rejected as inequitable. This power is vested in the Court by § 1988 in its proviso that "the court in its discretion may allow" attorney's fees. (Accent added.) In the instant circumstances the positive exercise of this authorization was prejudicial error.
 
 
 4
 Further, it will be noted, § 1988 terms the fees "as a part of the costs." (Accent added.) Rule 54(d), Federal Rules of Civil Procedure,[3] directs that they be taxed by the Clerk and it conditions review thereof by the Court upon "motion served within 5 days after the Clerk's taxation." Provision was made in the judgment for the defendants to recover the "costs of the action," as prescribed by 28 U.S.C. §§ 1920,[4] 1923(a). Although there was no mention in the judgment of § 1988 fees, the defendants moved for no review by the Court of the costs as taxed in the judgment. Hence, for the trial court to allow them, we hold, was error.
 
 
 5
 As we deem the errors at trial require vacation of the order for attorney's fees under § 1988, the judgment therefor will be set aside.
 
 
 6
 Judgment Vacated.
 
 
 
 [1]
 "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988
 
 
 [2]
 "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983
 
 
 [3]
 "Costs. Except when express provision therefor is made in a statute of the United States or in these rules, costs shall be allowed as a course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court." Fed.R.Civ.P. 54(d)
 
 
 [4]
 "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 U.S.C. § 1920