Charles R. GIBBS, Plaintiff,

v.

GOTFREDSON CHRYSLER PLYMOUTH and Don Malcom, Defendants.

No. CV87–L–620.

United States District Court, D. Nebraska.

March 6, 1989.

such motion must be filed within ten days after entry of the judgment. That position, however, has been rejected in *Lupo v. R. Rowland and Co.*, 857 F.2d 482 (8th Cir. 1988), with respect to Rule 11 sanctions and in *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), with respect to civil rights cases under § 1988.

■ There is another element of possible untimeliness that must be confronted. The motion for attorney fees and costs in this case was filed on the last day for appeal from the judgment. While no case to my knowledge has held that filing such a motion on the last day for appealing from the judgment precludes an allowance of the motion, the impact of such a filing may be the same as filing the motion after the appeal time has passed. That is particularly true where, as here, notice of the filing of the motion is made by a mailing on the last day for appeal. In either event, the opposing counsel and client cannot take into account the risks within the motion in deciding whether to appeal from the judgment.

In *Gary v. Spires*, 634 F.2d 772 (4th Cir.1980), the court, dealing with a request for an award of attorney's fees under 42 U.S.C. § 1988, against the plaintiffs, said:
"In our view deferment of a demand for fees until after the expiration of the appeal period was unjustified. A decision not to appeal may rest not only on the merits of the appellant's claim or defense, but also upon consideration of the expense of the review. Indeed, as is common knowledge among laymen and lawyers, a right or wrong must often be waived or suffered lest the contingent financial incurrence make it ill-advised. Here the plaintiffs were severely prejudiced—they were barred the opportunity to attempt this economic balance. Defendants did not broach to the plaintiffs' word of their intended exaction of fees until it was too late for them to appeal. The demand should be rejected as inequitable. This power is vested in the Court by § 1988 in its proviso that 'the

Robert Wm. Chapin, Jr., Lincoln, Neb., for plaintiff.

Thom K. Cope, Bailey, Polsky, Cada & Cope, Lincoln, Neb., for defendants.

## ORDER ON MOTION FOR ATTORNEY'S FEES AND COSTS

URBOM, District Judge.

Judgment was entered for the defendants on November 9, 1988. On December 9, 1988, the defendants filed a motion for attorney's fees and costs, effecting service by mail dated December 9. The motion cites Rule 11 of the Federal Rules of Civil Procedure, 42 U.S.C. § 1988, and Title VII of the Civil Rights Act.

■ Two points need attention regarding timeliness. First, the plaintiff urges that the motion is time-barred by Rule 59(e) of the Federal Rules of Civil Procedure. The argument is that the motion is really a motion to alter or amend the judgment and

court *in its discretion may* allow' attorney's fees.... In the instant circumstances the positive exercise of this authorization was prejudicial error."

In *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), the court offered as one of its reasons for rejecting the claim of applicability of Rule 59(e)'s ten-day limit the observation that such a ten-day limit "could deprive counsel of the time necessary to negotiate private settlements of fee questions." In a footnote it then noted that it was urged by two of the parties to the case that prejudgment fee negotiations could raise an inherent conflict of interest between the attorney and the client, but, the court said:

"Although sensitive to the concern that petitioner raises, we decline to rely on this proffered basis. In considering whether to enter a negotiated settlement, a defendant may have good reason to demand to know his total liability from both damages and fees. Although such situations may raise difficult ethical issues for a plaintiff's attorney, we are reluctant to hold that no resolution is ever available to ethical counsel."

In *Robinett v. City of Lincoln* (unpublished opinion) CV86–L–332 [1988 WL 59643] I held that sanctions under Rule 11 could not be applied where the motion for sanctions was made four months after the granting of the motion for summary judgment and three months after appeal time had run. I said:

"While I am hesitant to say that no sanctions should be awarded if a motion for sanctions is not filed before appeal time has run, my inclination is to think that a cutoff date in most situations must be the end of the time for appeal. A time three months after that appears to me to be excessive. It means that a motion filed then cannot be a consideration to be weighed in the balance regarding appeal. Indeed, the preferred practice, I should think, is to notify opposing counsel as early as reasonably can be that sanctions will be or may be sought. That procedure allows opposing counsel to use the possibility of sanctions as a factor in making future decisions of procedure and substance."

I remain with that inclination, whether the consideration be under Rule 11 or under § 1988. The Supreme Court in *White v. New Hampshire Department of Employment Security, supra,* said:

"Section 1988 authorizes the award of attorney's fees 'in [the] discretion' of the court. We believe that this discretion will support a denial of fees in cases in which a postjudgment motion unfairly surprises or prejudices the affected party...."

Although I repeat that I do not suggest that a fee allowance can never be made if first requested after the appeal time has run, or after there is no practical way of weighing the effect of a motion for fee allowance before the appeal time has run, it seems to me that such a filing carries with it a strong indication of unfair prejudice. This consideration is consistent with the suggestion in *Obin v. District No. 9 of the International Association of Machinists and Aerospace Workers,* 651 F.2d 574, 583 (8th Cir.1981):

"We observe that the problem of possible piecemeal appeals need not arise where the trial court delays entry of judgment on the merits pending determination of attorney's fee claims and thereafter enters a single final judgment determining all issues. If the trial court enters a separate judgment on the merits and reaches the attorney's fee issue subsequently, we suggest that district courts adopt a uniform rule requiring the filing of a claim for attorney's fees within twenty-one days after entry of judgment. If trial judges will promptly decide these claims, the aggrieved party to that issue may promptly appeal. If an appeal on the merits has already been taken, this court on its own motion or the motion of either party will consolidate the appeals for consideration by this court.

Either alternative will avoid piecemeal consideration of issues arising out of a single lawsuit, and, therefore, we request that the district courts of this circuit

promptly adopt procedures as suggested in this opinion."

No such uniform rule has been adopted in this district, but I still must use my discretion in deciding whether to award fees. In considering the factors, I now decline to grant the motion for attorney's fees and costs. Perhaps if the case were a clearer one on the merits of awarding fees and costs, I would weigh the factor of a tardy filing less.

IT IS ORDERED that the motion for attorney's fees and costs, filing 44, is denied.