THE SOCIETY OF JESUS OF NEW ENGLAND & another[1] *vs.*
BOSTON LANDMARKS COMMISSION.

Suffolk. October 7, 1991. - January 30, 1992.

Present: LIACOS, C.J., WILKINS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Civil Rights,* Motion for attorney's fees, Attorney's fees.

A petition by successful plaintiffs in a civil action for appellate attorneys'
fees under 42 U.S.C. § 1988 (1988), which was filed in this court after
the expiration of the time within which the defendant could, as of right,
have filed a petition for a writ of certiorari with the United States Su-
preme Court, was not time barred, where the plaintiffs' claim for attor-
neys' fees both at the outset of the litigation and at the time of appeal
constituted sufficient notice to the defendant that the plaintiffs intended
to seek an award of appellate attorneys' fees and where the judgment
anticipated further litigation on the issue of fees. [756-758]
In a civil action, there were no special circumstances that would render
unjust an award of appellate attorneys' fees pursuant to 42 U.S.C. §
1988 (1988) to the prevailing parties. [758]
In the circumstances of a civil action giving rise to a claim under 42
U.S.C. § 1988 (1988) for the prevailing parties' appellate attorneys'
fees, this court concluded that the amount claimed, $142,760.88 was
unreasonable and excessive in view of the actual work performed; they
were entitled, however, to $53,953.88, an amount reflecting reasonable
time charges for the appeal and an additional fee of $10,000, under the
authority of *Stratos* v. *Department of Pub. Welfare,* 387 Mass. 312,
323 (1982), for the time spent to recover the appellate fees. [758-761]

CIVIL ACTIONS commenced in the Superior Court Depart-
ment on June 10, 1987, August 27, 1987, and November 24,
1987, respectively.

---

[1]Robert E. Manning, S.J., individually and as president of the Society of
Jesus of New England and head of the New England Province of the
Jesuits.

Following review reported in 409 Mass. 38 (1990), a petition for appellate attorneys' fees was filed in this court on April 25, 1991.

*Thomas H. Hannigan, Jr.* (*Edward B. Hanify* with him) for the plaintiffs.

*John Kenneth Felter* for the defendant.

LYNCH, J. The plaintiffs, Society of Jesus of New England (Jesuits), bring this petition pursuant to 42 U.S.C. § 1988 (1988), for an award of appellate attorneys' fees against the defendant, Boston Landmarks Commission (commission). In the underlying case, *Society of Jesus of New England* v. *Boston Landmarks Comm'n*, 409 Mass. 38 (1990), the Jesuits successfully defended the Superior Court's grant of summary judgment in their favor. At issue is whether the petition for appellate attorneys' fees is untimely and whether the claimed fees of $142,760.88 are excessive. We conclude that the petition was timely and that the Jesuits are entitled to attorneys' fees and disbursements in the amount of $63,959.88.

We begin by summarizing the following pertinent facts and procedural history. On May 12, 1987, the commission designated the interior of the Immaculate Conception Church as a landmark. Thereafter the Jesuits brought an action challenging that designation on Federal and State constitutional grounds. They also filed two other actions challenging subsequent acts of the commission on the same grounds. In all three complaints the Jesuits requested attorneys' fees under 42 U.S.C. § 1988. The cases were consolidated in the Superior Court. On November 2, 1989, a Superior Court judge held that the designation violated the free exercise clause of the First Amendment to the United States Constitution, and, consequently, granted summary judgment in favor of the Jesuits. We granted the commission's application for direct appellate review, and on December 31, 1990, affirmed the judgment on the ground that the designation violated art. 2 of the Declaration of Rights of the Massachusetts Constitution. *Society of Jesus of New England* v. *Boston Landmarks Comm'n, supra* at 39. In their appellate

brief, the Jesuits requested an award for appellate attorneys' fees in conformity with *Yorke Management* v. *Castro*, 406 Mass. 17, 20 (1989).

After the expiration of the time within which the commission could, as of right, file a petition for a writ of certiorari with the United States Supreme Court,[2] the Jesuits filed their petition with this court for appellate attorneys' fees. The petition seeks attorneys' fees in the amount of $131,335, plus disbursements of $11,425.88, for a total of $142,760.88.[3]

1. *Timeliness.* Although the Jesuits' petition seeks fees under a Federal statute, 42 U.S.C. § 1988,[4] the question of the timeliness of the petition is governed by the Massachusetts Rules of Civil Procedure. *Draper* v. *Town Clerk of Greenfield*, 384 Mass. 444, 449 (1981), cert. denied, 456 U.S. 947 (1982). There is, however, no specific Massachusetts procedural rule regarding the timely filing of a petition for attorneys' fees.[5] The determination of timeliness is, there-

---

[2]Rule 13.1 of the Rules of the Supreme Court (1991). The record does not indicate whether the commission petitioned the Supreme Court for an extension of time in which to file a petition for writ of certiorari. Rule 13.2 of the Rules of the Supreme Court (1991).

[3]On May 30, 1991, the Jesuits filed a petition in the Superior Court seeking $126,243.91 in attorneys' fees incurred at the trial level. We make no determination of the timeliness of the petition before the Superior Court or of the appropriateness of the fee requested in that petition.

[4]In pertinent part, 42 U.S.C. § 1988 (1988) provides:

"In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

[5]The United States Supreme Court determined that the Federal District Courts were free to adopt local rules establishing timeliness standards for the filing of claims for attorneys' fees. *White* v. *New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 454 (1982). On remand, the First Circuit recommended to the District Courts within the First Circuit to consider adopting a local rule requiring that requests for attorneys' fees under 42 U.S.C. § 1988 be filed within twenty-one days from the entry of judgment. *White* v. *New Hampshire Dep't of Employment Sec.*, 679 F.2d 283, 285 (1st Cir. 1982). To date, the District Courts have not adopted a uniform rule.

fore, within the discretion of this court. See *White* v. *New Hampshire Dep't of Employment Sec.*, 679 F.2d 283, 285 (1st Cir. 1982). At the outset we determine whether we should exercise that discretion to bar the Jesuits' fee petition.[6] See *Gary* v. *Spires*, 634 F.2d 772, 773 (4th Cir. 1980).

The commission argues that the filing of the fee petition after expiration of the period during which a petition for a writ of certiorari may be filed creates an equitable bar to the fee petition. To support its claim that the fee petition should be filed within the period for filing a petition for a writ of certiorari, the commission relies on *Gary* v. *Spires, supra,* and *Gibbs* v. *Gotfredson Chrysler Plymouth*, 708 F. Supp. 270 (D. Neb. 1989). In both cases trial judges had entered judgments in favor of the defendants who later moved for attorneys' fees. In *Gary* v. *Spires*, the court rejected as inequitable the defendants' demand for § 1988 fees because the defendants made their demand two months after the appeal period had expired, having never raised the issue earlier. In *Gibbs* v. *Gotfredson Chrysler Plymouth, supra,* the court denied the defendants' motion for § 1988 fees because the defendants filed their motion on the last day of the appeal period and the court found such a filing to carry with it a strong indication of unfair prejudice.[7] *Id.* at 272.

Neither of these decisions, nor any of which we are aware, would bar a claim for attorneys' fees in this situation. The decisions relied on by the commission involve instances where no *notice* of the defendants' claims for fees was given until after judgment. That element is lacking here. In this case, in all three complaints the Jesuits requested attorneys' fees

---

[6]The United States Supreme Court has noted that a court's discretion under § 1988 "will support a denial of fees in cases in which a postjudgment motion unfairly surprises or prejudices the affected party." *White* v. *New Hampshire Dep't of Employment Sec., supra.*

[7]The defendants mailed notice of the filing of the motion to the plaintiffs on the last day of the appeal period thus denying them notice during the appeal period. *Gibbs* v. *Gotfredson Chrysler Plymouth*, 708 F. Supp. 270, 271 (D. Neb. 1989).

under § 1988.[8] Furthermore, in their appellate brief before this court, they requested appellate attorneys' fees. In our view, this constitutes sufficient advance notice to the commission that the Jesuits intended to petition this court for appellate attorneys' fees. Therefore, on these facts, the commission's claim of unfair surprise and prejudice is without merit. Since there was a claim for attorneys' fees at the outset of the litigation and at the time of appeal, even under the most restrictive interpretation of timeliness, the fee claim would not be time barred because the judgment did not resolve the issue of fees and, therefore, anticipated further litigation on the issue. *Draper* v. *Town Clerk of Greenfield, supra* at 450-452.

2. *Discretion to award fees.* We recently confirmed that under § 1988 "a prevailing party should recover attorneys' fees absent special circumstances rendering such an award unjust." *Globe Newspaper Co.* v. *Commissioner of Revenue,* 410 Mass. 188, 197 (1991), citing *Blanchard* v. *Bergeron,* 489 U.S. 87, 89 (1989). There are no special circumstances in this case that would render an award unjust. That the burden of payment falls on the taxpayers is not a special circumstance warranting denial of the Jesuits' claim for attorneys' fees. *Globe Newspaper Co.* v. *Commissioner of Revenue, supra* at 197. Neither is the prevailing party's ability to pay attorneys' fees a special circumstance prohibiting an award under § 1988. *International Soc'y for Krishna Consciousness, Inc.* v. *Collins,* 609 F.2d 151 (5th Cir. 1980).

3. *The amount of fees.* This court has adopted the guidelines set out in *Johnson* v. *Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974),[9] for calculating § 1988 fees.

---

[8]In fact, by letter dated November 27, 1989, the Jesuits informed the commission that they would file their application for attorneys' fees under § 1988 at the conclusion of the commission's appeal, if any, from the Superior Court's judgment.

[9]The *Johnson* case lists twelve factors: (1) the time and labor required of the attorney, (2) the novelty and difficulty of the question, (3) the skill required to perform legal services properly, (4) the preclusive effect of the case on the attorney's ability to accept other work, (5) the attorney's customary fee, (6) whether the fee is contingent or fixed, (7) time limitations

*Stratos* v. *Department of Pub. Welfare*, 387 Mass. 312, 321-322 (1982). There we stated that "fair market rates for time reasonably spent should be the basic measure of reasonable fees, and should govern unless there are special reasons to depart from them." *Id.* at 322.[10] See also *Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983) (the product of "reasonable hours times a reasonable rate" normally provides a "reasonable" attorneys' fee within the meaning of the statute; however, other considerations may lead a court to adjust the fees upward or downward).

The Jesuits have the burden of showing that the claimed rate and number of hours are reasonable. See *Blum* v. *Stenson*, 465 U.S. 886, 897 (1984).[11] To support their fee claim of $142,760.88, the Jesuits indicate that three lawyers spent six hundred thirty-four and one quarter hours on the appeal. The Jesuits contend that the hours billed are reasonable because of the difficulty of the case and the results achieved. By contrast, the commission claims that the hours are exces-

---

imposed by the litigation, (8) amount involved in the case and the results achieved, (9) the attorney's experience, reputation, and ability, (10) undesirability of being associated with the case, (11) the nature and length of professional relationship between the attorney and the client, and (12) awards in similar cases. *Johnson* v. *Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974). See *Stratos* v. *Department of Pub. Welfare*, 387 Mass. 312, 321 (1982); *Draper* v. *Town Clerk of Greenfield*, 384 Mass. 444, 456-457 (1981).

[10]In regard to reasonable hours, we consider whether that time was reasonable in light of the difficulty of the case and the results achieved. *Stratos* v. *Department of Pub. Welfare, supra* at 322-323. In regard to market rates, market value refers to the market for comparable services. In calculating reasonable rates, we "begin with the average rates in the attorney's community for similar work by attorneys of the same years' experience." *Id.* at 323.

[11]The Jesuits also have the burden to produce satisfactory evidence that the rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum* v. *Stenson*, 465 U.S. 886, 895-896 n.11. (1984). In this regard, the Jesuits have included in the record appendix a 1991 survey of the one hundred largest law firms in Massachusetts. The survey contains the billing rates for these firms.

sive and unreasonable in relation to the actual work performed. We agree.

As the commission has urged, we have compared the Jesuits' summary judgment brief and summary judgment reply memorandum with their appellate brief. On careful examination we find that the Jesuits' appellate brief was largely a duplicated, rearranged, and somewhat expanded version of their summary judgment brief. Undoubtedly, the attorneys spent time rethinking the arguments and editing and reorganizing the summary judgment brief into an appellate brief. But the time spent is unreasonable in relation to the final product.

The appellate brief is seventy pages long. Of the seventy pages, fifty are either verbatim copies or verbatim copies with minor changes of the summary judgment brief. Of the twenty new pages of the appellate brief, four pages are devoted to their successful arguments under art. 2. Yet the time billing summary indicates that one attorney spent approximately one hundred fifty hours drafting and preparing the appellate brief and still another spent three hundred hours researching, drafting, and preparing the same brief. In the framework of a § 1988 fee, we find unreasonable four hundred fifty hours spent producing twenty new pages.

The billed hours also reflect a duplication of effort among the attorneys and time spent that was unessential. See *Johnson* v. *Georgia Highway Express, Inc., supra* at 717. For example, the time records show that three attorneys respectively spent fifty-six hours, twenty-four and one quarter hours, and four hours for a total of eighty-four and one quarter hours preparing for the twenty-five minute oral argument before this court. The records also show time billed for the same three attorneys' attendance at oral argument. We find this time duplicative and unnecessary. Although there may be some benefit to having three lawyers prepare for and attend oral argument, it is difficult to justify what might be regarded by some as overkill when assessing a § 1988 fee against an adversary. *Ricci* v. *Key Bancshares of Me., Inc.,* 111 F.R.D. 369, 378-379 (D. Me. 1986). See, e.g., *Grendel's*

*Den, Inc.* v. *Larkin,* 749 F.2d 945, 952-953 (1st Cir. 1984) (considerably reducing claim of hours finding no justification for presence of "two top echelon attorneys" at each proceeding). We conclude that it is unreasonable to assess as comprising a § 1988 fee the entire four hundred fifty hours devoted to produce approximately twenty new pages, the entire eighty-four and one quarter hours spent to prepare for a twenty-five minute oral argument, and all the hours of three attorneys to attend oral argument. Accordingly, on the record before us, we award the Jesuits attorneys' fees and disbursements of $53,959.88, an amount we adjudge to reflect reasonable hours expended on their appellate litigation.[12]

Finally, the Jesuits have requested a $16,000 fee for time spent to recover their appellate fees under the authority of *Stratos* v. *Department of Pub. Welfare,* 387 Mass. 312, 323 (1982). We award appellate fees in the amount of $10,000 under the principles discussed above.

We conclude that the petition was timely and that the Jesuits are entitled to attorneys' fees and disbursements in the amount of $63,959.88.

*So ordered.*

---

[12]We shall not determine which hours should be disallowed as duplicative, repetitive, and unessential. In our discretion, we conclude that the total hours spent researching, drafting, reviewing, proofreading, and editing the appellate brief are unreasonable on their face in light of a seventy-page final product of which twenty pages are new. We reach the same conclusion for the hours spent preparing for and attending oral argument.