Fremont-Smith, J.
Plaintiff, a female police officer for the City of Peabody, has applied for an award of attorney fees pursuant to G.L.c. 15IB, §9,[1] following a jury award to her of $650,000 for damages[2] arising out of the City’s discrimination against her on account of her gender. The question presented is whether the Court may award attorneys fees where the application was not filed in the form of a Mass.R.Civ.P. 59(e) motion to alter and amend judgment[3] and, if timely, the amount.
Timeliness and Form of Application
Defendant bases its objection to any award on the reasoning of White v. New Hampshire Dept. Of Employment Security, 629 F.2d 697 (1st Cir. 1980), cert. granted, 451 U.S. 982 (1981), where the Court held that, attorney fees must be determined before judgment or, at the latest, within ten days after final judgment by a motion to alter or amend judgment under Fed.R.Civ.P. 59(e).
In Draper v. Town Clerk of Greenfield, 384 Mass. 444 (1981), however, the Supreme Judicial Court, while recognizing that Mass.R.Civ.P. 54(d) and 59(e) are virtually identical to their federal counterparts, declined to decide whether Massachusetts would follow White, or whether it would rather follow other federal courts in other circuits which had rejected the holding in White. The Court in Draper found that it *222 need not decide the issue, as the trial court judgment had not been intended to be “final,” but had expressly left open the question of an attorney fees award. Id., at 450-52.
Then, in 1982, the United States Supreme Court held that the Federal District Courts were free under Rule 59(e) to adopt local rules establishing timeliness standards for the filing of claims of attorney fees, White v. New Hampshire Dept. Of Employment Security, 455 U.S. 445, 454 (1982), but no such rules were ever adopted here.
Following this, in Society of Jesuits of New England v. Boston Landmarks Commission, 411 Mass. 754 (1992), the Supreme Judicial Court allowed an application for appellate attorney fees filed after the time for filing a petition for certiorari had expired. Although the Court had before it the question of timeliness of appellate attorney fees, it discussed generally the timeliness of attorney fee applications in the trial or appellate court, concluding that there is “no specific Massachusetts procedural rule regarding the timely filing of a petition for attorney fees,” so that the “determination of timeliness is, therefore, with the discretion of [the applicable) court.” Id., 756-57. The Court held that the plaintiffs application for attorney fees in the Supreme Judicial Court was timely where there had been notice to the defendant, by way of plaintiffs prayer in the complaint, for attorney fees. Id., 758. Accord: Dugan v. Board of Selectmen of Dartmouth, 413 Mass. 641, 643 (1992). The Court further held that the fact that the burden of payment would fall on the taxpayers was not a special circumstance which could render the award of attorney fees unjust. Society of Jesuits of New England, supra, at 758.
Finally, plaintiffs application here was filed within ten days of judgment, so that to deny it just because it was not captioned a “Motion to Amend or Alter Judgment,” would be to “elevate form over substance,” which the Supreme Judicial Court has indicated a reluctance to do. See: Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 290 (1985) (judge’s alteration of a jury verdict, on the ground that plaintiff failed to establish actual damages, affirmed even absent a Rule 59(e) motion, where defendant had filed a motion for new trial within ten days from the entry of judgment, stating that “[w]e will not overturn the correct result reached by the judge simply because [a party] committed a procedural error in failing to caption its motion properly”); Cleary v. Commissioner of Public Welfare, 21 Mass.App.Ct. 140, 153 (1985) (stating that, in vacating the trial judge’s denial of attorney fees, “the motion was, in fact, filed within ten days of the entry of judgment and thus was timely if treated as a motion under Mass.R.Civ.P. 59; and second ... attorneys fees [under §1988] .. . [are] not subject to any explicit time limit governing [their] filing”) (emphasis added).
Amount of the Award
“The amount of a reasonable attorneys fee, awarded on the basis of statutory authority, in this case G.L.c. 15 IB, §9, is largely discretionary with the judge . . .’’ Fontaine v. Ebtec Corp., 415 Mass. 309, 324 (1993). As the presiding judge is in the best position to determine how much time was spent on a case and the fair value of an attorneys services, id., the Fontaine court endorsed the use of the “lodestar” approach (“a fair market rate for time reasonably spent preparing and litigating a case”) as the basic measure for attorneys fees under both state and federal law. Id. at 326.
Factors to be taken into account to determine what is reasonable include the length of trial, the difficulty of the legal and factual issues involved, the competence of the attorney, the usual price charged for similar services by other attorneys in the same area and the amount of awards in similar cases. Id. at 325. The judge is also to consider the plaintiffs interests to be protected by statute and the public interest in having persons with valid legal claims represented by competent counsel. Stowe v. Bologna, 417 Mass. 199, 203 (1994).
In this case, plaintiffs attorney, Marisa A. Campagna, has had eight years litigation experience, with several years experience in employment discrimination cases. The trial lasted about five days, during which fourteen witnesses (including one expert) testified. Her billing records indicate that she logged 627.75 hours at $100 per hour preparing and trying the case.
Campagna asserts (but provides no supporting affidavit) that rates charged by attorneys with comparable experience are in the $ 125 to $200 per hour range. Her affidavit states that her standard billing rate ranges from $125 to $160 per hour. In the present case, however, she had agreed to bill her client at the rate of $100 per hour reflected in her billing records, which was converted to a contingent fee agreement when her client indicated she would be otherwise unable to pay. Plaintiff now seeks attorneys fees on the basis of $160 per hour for a total amount of $100,360 (with additional costs of $7,517.28).
The Court’s award is to be an amount which, in the sound exercise of its discretion, it determines to be “reasonable” under the circumstances, quite apart from whatever private fee obligation may have been agreed upon between the attorney and client.[4] The supporting documentation here is veiy sparse, consisting of billing records in which much of Campagna’s time is described merely by the designation ‘Trial preparation.” The Court, however, concludes that, in a case of this kind, the equivalent of six full-time fifty-hour weeks of preparation and one sixty-hour week of trial, was a reasonable expenditure of legal time for preparation and trial of this case for purposes of a fee award to be paid by defendant, i.e., a total of 360 hours at $125 an hour, or a total attorney fee *223 award of $45,000. With respect to costs, the itemization provided to the Court indicates that total costs of $7,517.28 requested are reasonable. Accordingly, the Court will award attorney fees and costs in the total sum of $52,517.28.

G.L.c. 151B, §9 provides, in pertinent part:
If the court finds for the petitioner it shall, in addition to any other relief and irrespective of the amount in controversy, award the petitioner reasonable attorneys fees and costs unless special circumstances would render such award unjust.

$ 150,000 compensatory, and $500,000 punitive damages.

A Rule 59(e) motion must be filed within 10 days of judgment, which plaintiffs fee application was.

A contingent fee agreement, of course, if it is in conformity to Rule 3:05 of the Supreme Judicial Court, is enforceable between the parties thereto regardless of whatever additional fee.may or may not be awarded to the plaintiff by the Court.