Houston, J.
Plaintiffs allege retaliation by the Massachusetts State Police in violation of G.L.c. 149, §185, the Massachusetts Whistleblower Statute. The claims have been settled by the parties and the settlement is to include reasonable attorneys fees. This matter is before the Court after the submission of affidavits by both attorneys for the plaintiffs for fees and costs totaling $119,042.39. The Commonwealth objects to the amount and its method of calculation. The award of fees is reduced from the requested amount as set forth below.
DISCUSSION
I.Method
The amount of a fee award rests largely within the discretion of the trial judge. Fontaine v. Ebtec Corp., 415 Mass. 309, 324 (1993) (finding that the amount of a reasonable attorneys fee, awarded on the basis of statutory authority, “is largely discretionary with the judge”); Linthicum v. Archambault, 379 Mass. 381, 398 (1979). The amount nonetheless should be “reasonable” and represent the fair market value of the time reasonably spent by counsel on the case. Torres v. Attorney General 391 Mass. 1, 16 (1984). The amount determined to be the reasonable value of time reasonably spent is often referred to as the “lodestar calculation.” See, e.g., Linthicum, 379 Mass. at 398; Heller v. Silverbranch Constr. Corp., 376 Mass. 621 (1958). Adjustments to the lodestar up or down are similarly within the Court’s discretion, but must be justified by compelling circumstances. Fontaine, 415 Mass. at 324; Draper v. Town Clerk of Greenfield, 384 Mass. 444, 456-57 (1981).
The Supreme Judicial Court has identified eight factors to assist in determining the reasonableness of fees;
1. the time and labor required, the novelty and difficulty of the question involved, and the skill required to perform the legal service properly;
2. the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
3. the fee customarily charged in the locality for similar legal services;
4. the amount involved and the results obtained;
5. the time limitations imposed by the client or by the circumstances;
6. the nature and length of the professional relationship with the client;
7. the experience, reputation, and ability of the lawyer or lawyers performing the services; and
8. whether the fee is fixed or contingent
SJC Rule 3:22. The Court in its analysis of the instant case keeps these factors in mind.
Some federal courts, including some whose cases are cited by the Commonwealth, distinguish between “core” and “non-core” attorney work and compensate non-core work at a lower rate. Massachusetts explicitly does not follow this practice. Connolly v. Harrelson, 22 F.Sup.2d 92, 96 (D.Mass. 1999).
Procedurally, in order to set a reasonable rate for compensation in the fee-shifting context, an attorney must submit evidence of his or her experience and the rate normally charged for work of that nature. Calhoun v. Acme Cleveland Corp., 801 F.2d 558, 560 (1st Cir. 1986). The attorney must not show merely that the requested rate exists in the market, but also that it is “in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.” Blum v. Stenson, 465 U.S. 886, 895 (1984). In order to recover fees, attorneys must submit a full and precise accounting of their time, including specific information about the number of hours, the dates, and the nature of the work performed. Calhoun, 801 F.2d at 560.
II. Reasonable Attorney Fees for Attorney Gabriel O. Dumont, Jr.
A. Rate
Attorney Dumont has submitted an affidavit detailing his extensive experience as a trial attorney in Boston since 1977. He has particular experience with litigation on behalf of unions and union members, including other law enforcement agencies. In light of this experience, he requests fees based on an hourly rate of $235. On its own, this affidavit would be insufficient to establish $235 per hour as a prevailing rate for similar services. However, Attorney Dumont has also submitted the decision in Systems Mgmt., Inc. v. Loiselle, in which the judge specifically approved his rate at $235. 154 F.Sup. 195 (D.Mass. 2001). In reliance on the findings in Systems Mgmt. and the fact that the Commonwealth does not dispute Attorney Dumont’s rate, the Court judges $235 per hour to be within the range of rates prevailing in the community for similar services.
B. Hours
Attorney Dumont has submitted contemporaneous records reflecting a total of 135.8 hours spent on the instant litigation. The Commonwealth does not object to this total. The Court finds Attorney Dumont’s ac *464 counting sufficiently detailed and the house expended to be reasonable given the scope and nature of this litigation. The plaintiffs are therefore allowed reasonable attorneys fees for Attorney Dumont for 135.8 hours at $235 per hour for a total of $31,913.00.
III. Reasonable Attorney Fees for Attorney Gerald L. Nissenbaum
A. Rate
Attorney Nissenbaum has submitted an affidavit detailing his extensive experience as a trial attorney in Boston since 1967. Though his primaiy practice revolves around domestic relations matters, he also has extensive experience in both criminal and civil trials in the District and Superior Court. Additionally, he has tried civil rights housing cases in the Federal District Court. He is an attorney with solid and wide-ranging trial credentials and his expertise is attested to by the affidavit of Attorney Michael DeMarco. Similarly attested to is his standard hourly rate of $400 per hour. Attorney Nissenbaum makes no submissions, however, regarding the prevailing market rate for “similar services” (namely, civil rights litigation) by lawyers of “reasonably comparable skill, experience, and reputation.” Blum, 465 U.S. at 895.
The Commonwealth, having conceded that $235 per hour for Attorney Dumont was within the range of fees charged in civil rights litigation, asserts that Attorney Nissenbaum’s lack of particular experience trying cases against the state police necessarily made him the junior partner to Attorney Dumont during the course of this litigation. In light of his lesser experience in the civil rights arena, the Commonwealth suggests an hourly rate of $175.
The Court finds that Attorney Nissenbaum’s trial experience more than makes up for his less significant experience in this particular area of law. The question remains as to what is a reasonable rate for the services which he provided in this matter. The reasonable rate must be the prevailing standard for civil rights litigation by experienced trial attorneys, not what Attorney Nissenbaum can claim in his private practice.
In its memorandum, the Commonwealth has directed the attention to a useful compendium of current rates approved of for leading civil rights attorneys in the Boston area. The Court takes notice that rates in fee-shifting cases currently range from $200 to $325 per hour. Wilson v. McClure, 135 F.Sup.2d 66, 71-72 (D.Mass. 2001). In its discretion and considering all the relevant factors, the Court sets Attorney Nissenbaum’s reasonable hourly rate for the work performed in this action at $275 per hour.
B. Hours
Attorney Nissenbaum has submitted contemporaneous invoices reflecting a total of 197.05 hours spent on the instant litigation. (Hours for Attorney Nissenbaum’s clerk/paralegal are dealt with separately below.) This includes time expended on the civil action, internal affairs cases, the district court criminal matter and this fees request. The Commonwealth objects strenuously to this total.
Internal Affairs Cases
The Commonwealth objects in passing to the inclusion of 21.4 hours for time devoted to the internal affairs cases. The Court finds that the internal affairs investigation arose out of the same facts and circumstances as the civil action and were centrally related to the claims at issue here. Therefore, the inclusion of hours and expenses related to these matters in the final tally is reasonable and subject to reimbursement.
Criminal Matter in District Court
Attorney Nissenbaum seeks reimbursement for 18.25 hours expended on the defense against an application for criminal complaint against plaintiff Roberts for assault and battery by Robert Lynes, an individual not associated with the State Police whom plaintiff Roberts arrested in August 2000. The Commonwealth objects. Though the deposition testimony of Mr. Lynes and others was relevant to the civil action, the time spent in defense against the application for criminal complaint is not reimbursable as part of this settlement. The Court therefore disallows these hours.
Fees Request Preparation Time
The Commonwealth objects to the inclusion of 7.0 hours Attorney Nissenbaum categorizes as “Other Time” in paragraph fifty-three of his affidavit. A closer reading reveals that these hours are in fact time spent in preparing his attorneys fees request together with time he anticipates he will spend “in travel to and from and appearing at the hearing on the issue of fees.” Time spent in establishing and defending attorney fees should be included in the final award. Stratos v. Department of Pub. Works, 387 Mass. 312 (1982). The Court finds these hours reasonable and subject to reimbursement.
Media and Press Time
On the invoices for professional services for May 2, 3 and 9,2001, Attorney Nissenbaum lists hours which identifiably are related to his press campaign on this matter. The Commonwealth objects, calling the total 12.8 hours, but upon a close reading of the invoices, the Court was only able to identify 12.4 hours. These include an interview with the New England Cable News, several conversations with various reporters including representatives of the Boston Herald and the Patriot Ledger and a press conference. The Court does not question whether or not Attorney Nissenbaum’s media efforts were useful or effective. However, they simply cannot be billed to the Commonwealth. Such media efforts are not compensable because they are not “ordinarily necessary to secure the final result obtained from litigation.” Pennsylvania v. Delaware Valley Citizen’s Council, 478 U.S. 546, 561 (1985). See also Hart v. Bourgue, 798 F.2d 519, 523 (1st Cir. 1986) *465 (disallowing time spent on “arrangements for lectures or publications about the case”).
Block Billing Specificiiy
In the fee-shifting context, prevailing counsel understandably are held to a much more exacting standard for record keeping and accounting for expenditures of time and money than might be required in general practice. Plaintiffs’ counsel has the burden of submitting “detailed contemporaneous time records.” Lipsett v. Blanco, 975 F.2d 934, 938 (1st Cir. 1992). In order to recover fees, attorneys must submit a full and precise accounting of their time, including specific information about the number of hours, dates, and, most relevant to the discussion herein, the nature of the work performed. Calhoun, 801 F.2d at 560. If proper documentation in proper specific detail is not submitted, the requested fees should be reduced or even denied altogether. Grendel's Den v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984).
Attorney Nissenbaum is an able attorney of recognized litigation skill. The Court, however, finds his timesheet notations are insufficient to support his request for attorneys fees. In the evaluation of hours for determination of reasonable attorneys fees, it is the Court’s responsibility to examine the nature of the work performed at eveiy line item in order to determine if it is reimbursable. Attorney Nissenbaum’s notations often lack such information altogether. This problem is especially acute in the time Attorney Nissenbaum has claimed for communication (more than sixty hours). Phone calls, e-mails, faxes, and conferences are almost exclusively listed as such, without any indication as to the subject matter addressed by these exchanges.
The Commonwealth proposes slashing the remaining hours by fifty percent to account for bookkeeping irregularities. The Court concurs that a reduction must be made, but nonetheless takes into account Attorney Nissenbaum’s experience and overall success on the matter in arriving at a figure. Due to the vagueness of Attorney Nissenbaum’s billing entries, the remaining allowed hours are reduced by fifteen percent overall before calculation of his reasonable fee.
Further Billing Limitation
The Commonwealth further urges the court to look to the fee agreement which existed between the plaintiffs’ attorneys and the State Police Association of Massachusetts as determinative of a reasonable fee and reasonable expenditure of time for the matter at hand. Massachusetts courts have generally disregarded reduced-fee arrangements of this kind in favor of judicial calculation of a “reasonable” fee in fee-shifting situations. See Kadlick v. Department of Mental Health, 431 Mass. 850, 857 (2000); Miller v. Risk Mgmt. Found. of Harvard Med. Inst., Inc., 36 Mass.App.Ct. 411, 421 (1994); Hart v. City of Peabody, Middlesex Super. Ct. C.A. No. 93-2252 at 5 (May 3, 1996) (5 Mass. L. Rptr. 221). Because of the nature of such agreements, essentially limiting payment liability of a third party in anticipation of a potential court victory, they rarely can be seen as a reasoned evaluation of the claims at issue.
The plaintiffs are therefore allowed reasonable attorneys fees for Attorney Nissenbaum for 141.44 hours at $275 per hour for a total of $38,896.00.
Attorney Nissenbaum’s Fee
Original hours submitted 197.05
Less District Court 18.25
Less Media Time 12.40
Less Billing Reduction of 15% 24.96
Total Allowed Hours 141.44
Multiplied by Rate $275/hr
TOTAL $38,896.00
C. Paralegal/Law Clerk Fees
In addition to the above professional services fees, Attorney Nissenbaum requests fees in the amount of $812.00 for 5.6 hours of time billed by his paralegal/law clerk at a rate of $145 per hour. Paragraph twenty-nine of Attorney Nissenbaum’s affidavit attests to his clerk’s experience, stating that she has worked with him for “about eight years.” He further states that she received her paralegal certificate prior to working for him and is now a third-year law student. The Court in its discretion accepts these statements of her qualifications without further documentation, as they are not contested by the Commonwealth. Neither does the Commonwealth object to the total hours billed.
Law clerk and paralegal work is to be compensated at the prevailing market rate for such services, not the rate normally billed by that particular clerk. Guckenberger v. Boston Univ. 8 F.Sup.2d 91, 107 (D.Mass. 1998) (citing Missouri v. Jenkins, 491 U.S. 274, 286-87 (1989)). In order to obtain the fee requested, the fee applicant has the burden of providing the Court with evidence that the fee is in line with the local market for similar legal services. Guckenberger, 8 F.Sup.2d at 105.
Attorney Nissenbaum provided no evidence that $145 per hour is the current market rate in Boston for the services of paralegals/law clerks beyond his own averment. The Commonwealth energetically disputes this figure and urges the Court to set the rate at $60 per hour, citing a Federal District Court case. Wilson, 135 F.Sup.2d at 72. Based on the Court’s own knowledge of the field and research into the matter, the Court sets a reasonable fee for the service of law clerks with such extensive documented experience at $75 per hour. See Arthur D. Little Int'l, Inc. v. Dooyang Corp., 995 F.Sup. 217, 225 (D.Mass. 1998) (setting the average hourly rate for clerks at $65 per hour for work done from 1994-1998). The Court allows fees for the 5.6 hours of professional services provided by Attorney Nissenbaum’s law clerk at a rate of $75 per hour totaling $420.
*466 IV. Costs and Expenses
Under the common-law “American Rule,” litigants have no general right to recoup their costs from opponents should they prevail in their action. Lynch v. City of Boston, 989 F.Sup. 275, 301 (D.Mass. 1997); PGR Mgmt. Co. v. Credle, 427 Mass. 636, 641 (1998). Massachusetts has statutorily modified the American Rule by allowing the award of “taxable costs” to the prevailing party under G.L.c. 261, §1. Under the statute, taxable costs are deemed to be full compensation for litigation expenses, even though such costs are nominal and generally inadequate. Waldman v. American Honda Motor Co., 413 Mass. 320, 322 (1992). Such statutory cost awards rarely cover even the most basic fees associated with litigation.
In addition to taxable costs, successful litigants may recover actual, reasonable costs of the action if a statute specifically permits the award of costs. Id. The Massachusetts Whistleblower statute, G.L.c. 149, § 185(d) states, “The court may . . . order payment by the employer of reasonable costs, and attorneys fees.” The settlement agreement reached by the parties in the instant motion provides for the award of costs in the same manner.
Attorney Dumont has not submitted any request for costs associated with this litigation. All of the costs and expenses seemingly came out of Attorney Nissenbaum’s office, which is not unexpected as he was the initial counsel on the matter. Since reimbursement for the District Court case has been disallowed above, the Court does not include expenses claimed in that matter in the discussion that follows.
General and Administrative Expenses
Attorney Nissenbaum requests “General and Administrative” expenses in the amount of $3,134.46 for time expended in the civil action and $428.00 for time expended in the Internal Affairs cases. The calculation of this fee is based on a percentage of the total cost of the hours billed. This fee is meant to cover unitemized long distance telephone costs, postage and excess postage, in-house photocopying and in-town- hand delivered packages, highway tolls, local travel, cabs, meals and other miscellaneous expenses. The fee is also supposed to cover overtime by secretaries.
Though the Court recognizes that this system simplifies Attorney Nissenbaum’s bookkeeping and is further willing to accept his representation that the fee historically only covers half to three quarters of his expenses, it is not acceptable in the fee-shifting context. First, many of the costs covered by the fee are overhead that the Court presumes are included in an attorney’s hourly rate, such as administrative support staff and in-house photocopying. See Kuzma v. IRS, 821 F.2d 930, 933-34 (2nd Cir. 1987) (distinguishing “identifiable out-of-pocket disbursements for items such as photocopying, travel and telephone costs” from “non-recoverable routine office overhead, which must normally be absorbed with the attorney’s hourly rate”). Second, the out-of-pocket expenses that could be reimbursed, such as postage and tolls, cannot be reimbursed without documentation. To be reimbursable, fees incurred during litigation must be identifiable. Alfonso v. Aufiero, 66 F.Sup.2d 183, 201 (D.Mass. 1999) (citing Le Blanc Sternberg v. Fletcher, 143 F.3d 748, 763 (2nd Cir. 1998) for the proposition that only identifiable out-of-pocket expenses can be reimbursed). The General and Administrative Fee request is denied due to lack of substantiation and specificity.
Faxes
Attorney Nissenbaum requests $165.50 for faxes at a rate of fifty cents per page. In-house local faxing falls into the same categoiy of overhead as analyzed above and is not reimbursable, as it is presumed by the Court to be included in an attorney’s professional fee. This request is disallowed. Additionally, even if the faxing was an out-of-pocket expense, reimbursement would not be allowed without documentation of the expenditure and a thorough analysis of the reasonableness of the charges incurred.
Federal Express
Attorney Nissenbaum requests $212.12 for Federal Express expenses. Reasonable postage is reimbursable as cost of litigation beyond the in-house expenses presumed to be part of overhead. Abrams v. Lightolier, Inc., 50 F.3d 1204, 1225 (3rd Cir. 1995) (postage and outside photocopies are reimbursable); Aston v. Secretary of Health and Human Servs., 808 F.2d 9, 12 (2nd Cir. 1986) (postage is reimbursable). The Court would normally review the invoices and/or receipts from the expenses incurred to verify the expenditures and their nature and purpose. Attorney Nissenbaum has not included any documentation regarding the Federal Express expenses other than the line item in the chart at paragraph forty of this affidavit and the line items in his professional services invoices. Without vendor documentation, the Court in its discretion disallows this request.
Bulk Photocopies
Attorney Nissenbaum requests $915.16 in bulk photocopying expenses. The invoices for outside photocopy expenses do not bear notations as to which service or phase of the litigation they are attributable. The Court therefore used its discretion in reviewing the documents and finds five of the six invoices submitted to be reimbursable out-of-pocket expenses reasonably incurred during the course of the litigation.
The sixth invoice, dated April 29, 2001, is disallowed. The invoice details the production of twenty copies of a ninety-seven page tab-indexed book at a cost of $459.06. Looking at the discovery and filing schedules, the Court was initially at a loss as to what materials were being produced in such quantify at that stage of the litigation. A closer examination of Attorney Nissenbaum’s professional services invoices *467 revealed, however, that the production of these books coincided with the press conference he prepared for on May 2, 2001 and held on May 3, 2001. The Court regards this as a media and publicity expense and therefore, for the reasons outlined above, not subject to reimbursement.
Court Expenses
All of the court and constable fees submitted for the civil action are properly documented and reasonable. The Commonwealth’s claims that they are for “unidentified and unrelated actions" is unsubstantiated. Their reimbursement is fully allowed in the following amounts: Suffolk County Sheriff (Service of Summons and Verified Complaint) — $20.70; Middlesex County Sheriff Service of Summons, Complaint and Exhibits) — $27.70; Middlesex Superior Court Filing Fee— $362.00; Constables — $365.00.
Depositions
Attorney Nissenbaum also has submitted a claim for $699.75 in stenographers fees for depositions taken of Daniel R. Lynes, Richard Lynes, Leon Vasquez and Antonio Tavares. The Commonwealth objects on the basis that these are private individuals who brought assault and battery charges against plaintiff Roberts and their depositions were unrelated to the civil action. The Court finds that the deposition testimony of these individuals was a necessary part of discovery reasonably calculated to lead to the discovery of admissible evidence. These fees are reimbursable.
Medical Records Copying Fee
Attorney Nissenbaum has submitted a claim for $15.00 invoiced by South Shore Medical as a fee for the copying of medical records. The Commonwealth does not object. The court finds this to be a reasonable out-of-pocket expense subject to reimbursement.
B.P.E. Creative Fee
In addition to its review of the items already discussed, the Commonwealth in its response specifically objected to the $825 for B.P.E. Creative which shows up on Attorney Nissenbaum’s May 3, 2001 professional services invoice. The Commonwealth alleges this fee was for “design and production” services that should be disallowed. After careful examination of Attorney Nissenbaum’s affidavit, it is clear that this amount is not in fact claimed by him as part of his request for reasonable fees, so the issue is moot and the Court need not analyze the item’s reimbursable nature or consider whether to add it into the total.
Allowed Expenses
Photocopy Invoice 5/16/01 $ 127.86
Photocopy Invoice 11/19/01 39.69
Photocopy Invoice 11/20/01 229.74
Photocopy Invoice 11/20/01 3.68
Photocopy Invoice 4/2/02 55.13
Suffolk County Sheriff (Service of Summons and Verified Complaint) 20.70
Middlesex County Sheriff (Service of Summons, Complaint and Exhibits) 27.70
Middlesex Superior Court Filing 362.00
Constables 365.00
Stenographers for Depositions 699.75
South Shore Medical Records 15.00
TOTAL $1946.25
V. Further Enhancements or Reductions Public Attorney General Enhancement
Attorney Nissenbaum urges the Court use its discretion to double or even triple the reasonable attorneys fees award in this case to more accurately reflect the public service provided by the attorneys who brought this litigation. He makes this suggestion without citing to any cases in which such an adjustment was deemed warranted. The Court declines to exercise its discretion in such a manner.
Limited Success Reduction
The Commonwealth argues that the reasonable fees should be reduced to reflect the limited nature of the settlement agreement between the parties compared to the original goals of the plaintiffs. Regardless of the original remedy sought, according to the bare terms of the settlement, the plaintiffs have in fact prevailed. All of their claims arose out of the same circumstances and were intimately related. The Whistleblower protections are undeniably viewed as an important civil rights priority. Even small damage awards may be a substantial victory for a policy the legislature considered of the highest importance. City of Riverside v. Rivera, 477 U.S. 561, 575 (1986). The Court declines to reduce reasonable fees on this basis.
VI. Summary
Reasonable Attorneys Fees and Costs
Attorney Dumont Fees $31,913.00
Attorney Nissenbaum Fees 38,896.00
Law Clerk Fees 420.00
Allowed Expenses and Costs 1.946.25
TOTAL AWARD $73,175.25
ORDER
For the foregoing reasons, it is hereby ORDERED that the Commonwealth pay Kevin B. Roberts and Charles B. Cosgrove the following as the assessment of attorneys fees and costs which the Court, in its discretion, deems reasonable:
1. $31,913.00 for reasonable attorneys fees for Attorney Gabriel O. Dumont, Jr.
2. $38,896.00 for reasonable attorneys fees for Attorney Gerald L. Nissenbaum, plus fees for his clerk in the amount of $420.00, plus expenses in the amount of $1,946.25 for a total of $41,262.25.