Coven, J.
Summary judgment was entered for Managed Air Systems, LLC (“Managed Air Systems”) on its claim that Linden Auto Body Repair, Inc. and its principal, Ahmed Maizat (“Maizat”), were liable for the breach of a contractual agreement through which Managed Air Systems supplied an automotive paint spray booth to the defendants for use in connection with the auto body repair business. This appeal raises two issues: (1) whether the doctrine of frustration of purpose created a material issue of fact precluding the entry of summary judgment, and (2) whether attorney’s fees were properly awarded. We conclude that summary judgment was properly entered and that the award of attorney’s fees was permissible.
There is no material dispute that the parties entered into a contract for the purchase and delivery of an automotive paint spray booth for $24,739.00. At the time of the execution of the contract, $14,000.00 was paid by Maizaf s personal check. With tax, a balance of $11,807.79 was due. Managed Air Systems indicated that the equipment was valued at $17,100.71 and that $7,638.29 was for delivery, installation, duct-work, and the startup of the equipment. The equipment was delivered, but the installation did not occur.
Neither party disputes that, under the terms of the purchase agreement, all necessary permits were to be obtained by the defendants. The permits were not obtained because the city of Malden, where the business was located, revoked the occupancy right of the business because “fake” documents had been submitted to obtain the certificate of occupancy. As stated in a cease and desist letter from the building inspector, “the business was never legally registered” and the “phone number [provided] belong[ed] to a livery business registered” at a different address. Maizat appealed the revocation decision. During the appeal, a suggestion was made by a ward councillor that the location was not zoned for the operation of the business. Maizat withdrew the appeal.
A moving party who does not bear the burden of proof at trial may prevail on summary judgment by submitting affirmative evidence that negates an essential element of the nonmovant’s claim, or by demonstrating that proof of that element is unlikely *30 to be forthcoming at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The general rule in Massachusetts is that the defendants bear the burden of proving affirmative defenses in all cases. See, e.g., Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 548-549 (1997), and cases cited.
“The concept of commercial frustration of purpose in this Commonwealth is considered a ‘companion rule’ to the doctrine of impossibility of performance, and ‘nearly identical to the defense of commercial impracticability found in the Uniform Commercial Code, G.L.c. 106, §2-615.”’ Iodice v. Bradco Cleaners, Inc., 1993 Mass. App. Div. 54, 56, quoting Chase Precast Corp. v. John J. Paonessa Co., 409 Mass. 371, 374-375 (1991). All three commercial defenses recognize that:
[w]here, after a contract is made, a party’s principal purpose is substantially frustrated without his fault by the occurrence of an event the nonoccurrence of which was a basic assumption on which the contract was made, his remaining duties to render performance are discharged, unless the language or the circumstances indicate to the contrary.
Chase Precast Corp., supra at 375, quoting RESTATEMENT (SECOND) OF CONTRACTS §265 (1981).
The defendants argue that because both parties recognized the principal purpose of the agreement to be the installation of an automotive paint spray booth at the business location, the cease and desist order relieved them of the obligation under the contract.
The simple answer to the frustration of purpose defense raised by the defendants is that it is an affirmative defense. Managed Air Systems proved the existence of a contract and a breach. The burden then shifted to the defendants to prove an excuse for nonperformance. No affidavit was filed by the defendants. Nothing in the record suggests that the ward councillor’s assertion that the business could not be lawfully operated at the location because it would violate zoning laws was accurate. No zoning laws or maps are part of the record. Nor is there anything contained in the record that would suggest that an appeal of the cease and desist order would not be successful. At the time of the order, the business was properly registered with the Secretary of State. Nothing in the record demonstrates that the defendants would not have been successful in obtaining a proper occupancy permit and, once obtained, the proper installation permits, See Adamsky v. Mendes, 326 Mass. 603, 607 (1950). Moreover, as the court noted, there is no affidavit filed by the defendants indicating that it was assumed that proper permits would be granted to the business permitted to operate because of the false submissions of documents. In other words, the defendants did not present evidence that it was assumed that the falsity of the application for the business occupancy would not be discovered.[2] In short, the state of mind of the defendants was left to speculation.
*31 We turn to the remaining issue of the propriety of awarding attorney’s fees. The contract allowed for the recovery of attorney’s fees and there is no question that as an exception to the American Rule, where a contract provides for such recovery, fees maybe awarded. Preferred Mut. Ins. Co. v. Gamache, 426 Mass. 93, 95 (1997). In this case, we are concerned with the timeliness of the request.
Summary judgment was allowed on June 13, 2012 and entered on the docket the following day. The day after this entry, Managed Air System’s motion for attorney’s fees was docketed. At the June 28,2012 hearing of the motion, the motion judge was dissatisfied with Managed Air System’s affidavit and memorandum. The court permitted its counsel to withdraw the motion, but also allowed Managed Air Systems time to resubmit the motion. The court did not provide a time limit on the resubmission. On August 1, 2012, Managed Air Systems renewed its request for attorney’s fees. An amended judgment was entered on the docket on September 5, 2012 to reflect the allowance of the motion for attorney’s fees in the amount of $11,287.50 and the inclusion of that amount together with the contract damages in the judgment.
At issue is whether the motion for attorney’s fees is to be considered a motion to amend a judgment pursuant to Mass. R. Civ. R, Rule 59 (e), and, by that designation, a motion that must be served within ten days after judgment as required by the rule. As argued by the defendants, a motion for attorney’s fees following the allowance of summary judgment and the entry of that judgment on the docket is a motion to amend a judgment and must be filed within the time period provided by the rule. Although the defendants “do[] not dispute th[e] contention” that the motion judge allowed for the withdrawal of the original motion for attorney’s fees and permitted the filing of a renewed motion, they contend that Managed Air Systems was required to have filed the renewed motion within the Rule 59(e) time period after the withdrawal of the motion.
We are unaware of any case addressing the circumstances presented: a motion for attorney’s fees that is timely filed, but both withdrawn with the permission of the motion judge because of a perceived inadequacy in its presentment and resubmitted with the permission of the motion judge. We are aware, however, that cases have generally not considered a motion for attorney’s fees as a motion to amend a judgment pursuant to Rule 59(e). See, e.g., Society of Jesus of New England v. Boston Landmarks Comm’n, 411 Mass. 754, 756-757 (1992); Ben v. Schultz, 47 Mass. App. Ct. 808, 811-815 (1999). Further, the Supreme Judicial Court, although examining the issue of appellate fees, has generally stated that there is “no specific Massachusetts procedural rule regarding the timely filing of a petition for attorneys’ fees,” and has held that “[t]he determination of timeliness is, therefore, within the discretion of [the applicable] court.” Society of Jesus of New England, supra at 756-757.
In these circumstances, there was no surprise to the defendants. They were made aware by the motion judge’s allowance of time for Managed Air Systems to resubmit its request for attorney’s fees that an end to their exposure was not over when the original motion was withdrawn. Effectively, full relief was not granted through the action taken on the motion for summary judgment. Moreover, the defendants recognized that the first docketed entry of judgment was not the judgment by which an appeal was to be filed, the right to which generally terminates ten days from the entry of judgment. See Dist./Mun. Cts. R. A D. A, Rule 4. In this case, the defen *32 dants successfully argued before a motion judge in opposition to Managed Air System’s motion to dismiss this appeal that they did not appeal within the ten-day period because they expected Managed Air Systems to file a renewed motion for attorney’s fees. Perhaps more telling is that the motion judge on hearing the renewed motion stated that Rule “59(e) is inapplicable to the attorney’s fees in this case.”
The defendants have not demonstrated any abuse of discretion in the award of attorney’s fees or in the amount of the award.[3]
Judgment affirmed.
So ordered.

 Having reached this conclusion, we note that the delivered equipment was not returned to Managed Air Systems and need not decide whether a material fact, in these circumstances, is created under the prong of the doctrine that excepts its application if “circumstances indicate to the contrary.”

 What constitutes a reasonable fee is a question of fact that is committed to the sound discretion of the judge. See McGrath v. Mishara, 386 Mass. 74, 87 (1982). When determining a reasonable attorney’s fee, several factors are considered, including “the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.” Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979). Appropriate factors were brought to the motion judge’s attention at the hearing on the renewed motion in this case.