BARNET SMOLA, receiver,[1] *vs.* MANUEL CAMARA, JR. INSURANCE AGENCY, INC. & another.[2] May 26, 1983. *Taxation*, Federal tax lien. *Probate Court*, Jurisdiction.

On March 28, 1974, a judgment creditor of Coastal Plumbing & Heating, Inc. (Coastal), had been unable to obtain satisfaction by execution and brought a complaint in a Probate Court for the appointment of a

---

[1] The receiver was appointed in Robinson Plumbing & Heating Supply Co. Inc. *vs.* Coastal Plumbing & Heating Inc., Probate Court, Bristol County, No. E-792 (1974).

[2] United States of America.

receiver for Coastal. A receiver was appointed, and he has proposed to distribute the remaining assets of Coastal, after payment of certain receivership and litigation expenses, to the United States of America, which claims to hold tax liens by virtue of notices filed in the United States District Court for the District of Massachusetts on various dates between November 21, 1973, and March 20, 1974. The claimant Manuel Camara, Jr. Insurance Agency, Inc. (Camara), brought a complaint to reach and apply against Coastal in the Superior Court on October 19, 1973, obtained on that day a restraining order against transfer of Coastal's assets, which was later continued, and recovered a judgment against Coastal for $13,557.86 on May 31, 1974. In this action, a petition for instructions by the receiver, the judge ruled that the Camara claim has priority over that of the United States because the final judgment in Camara's favor related back to the imposition of the restraining order and thus preceded in time the filing of the notices.

That ruling was erroneous. Although under 26 U.S.C. § 6323(a) (1976) a Federal tax lien is not "valid as against any . . . judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed," Camara was not a "judgment lien creditor" within the meaning of § 6323(a) until it recovered its judgment in 1974. See 26 C.F.R. § 301.6323-1(a)(2)(i)(b) (1974) ("The term 'judgment creditor' means a person who has obtained a valid judgment . . . for the recovery of specifically designated property or for a certain sum of money . . ."); *United States* v. *Security Trust & Sav. Bank,* 340 U.S. 47, 49-50 (1950); *United States* v. *Acri,* 348 U.S. 211, 214 (1955); *Gaston Elec. Co.* v. *American Constr. Co.,* 336 Mass. 454, 457-458 (1957). Notices of the tax liens were properly filed in the Federal District Court under 26 U.S.C. § 6323(f)(1)(B) (1976), because the law of the Commonwealth (G. L. c. 255, § 39B[1][b], together with G. L. c. 106, § 9-401[1][c]) did not designate one office for the filing of the notices as required by § 6323(f)(1)(A)(ii) but rather two.

Camara correctly acknowledges that the statute of limitations has not run against the enforcement of the liens if the receivership was within the jurisdiction of the Probate Court. Although such jurisdiction may not have been conferred on the Probate Court by G. L. c. 156B, § 105 (compare *Foster* v. *Evans,* 384 Mass. 687, 689-690 [1981]), jurisdiction to appoint a receiver lay within the general equity power conferred on the Probate Court by G. L. c. 215, § 6. *New England Theatres, Inc.* v. *Olympia Theatres, Inc.,* 287 Mass. 485, 491-493 (1934). Thus the Probate Court had jurisdiction, and no argument is made that the criteria for the appointment of a receiver under general equity jurisdiction, as contrasted with the criteria under § 105, were not met.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

*Joan I. Oppenheimer,* of New York, for United States of America.
*Thomas P. Crotty* for Manuel Camara, Jr. Insurance Agency, Inc.