Bernstein, J.
The plaintiff in this matter, Frank Pezzano (“Pezzano”), filed this appeal pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8B. Pezzano appeals the trial judge’s order releasing the $30,000.00 appeal bond to the defendant, BNB Group Boston, Inc. (“BNB”).
Background: BNB was a commercial tenant of Pezzano. On July 10, 2006, Pezzano initiated a summary process action against BNB for failure to make its monthly rental payment. Pezzano eventually obtained a judgment for possession of the leased premises, and damages were assessed at $29,172.89. BNB appealed the judgment and during that time remained in possession of the premises.
At a hearing on August 7, 2006, BNB’s appeal bond was set in the amount of $30,000.00. BNB then deposited a $30,000 bond with the Clerk. Asserting that the bond was inadequate and did not satisfy the requirements set forth in G.L.c. 239, §5(c), Pezzano went before the Appellate Division on the issue of the bond. The Appellate Division subsequently modified the initial order for the appeal bond and ordered that an additional $39,000.00 be added to the bond amount to cover BNB’s rent for the months of August, September and October of 2006. In addition, the Appellate Division ordered BNB to make monthly rental payments of $13,000.00 to Pezzano, with such payments to commence on November 1,2006.
BNB did not comply with the second Appellate Division order and sought an emergency stay of execution of the order from the Superior Court. The Superior Court granted the stay, which remained in effect until November 17, 2006. That order was later vacated and dismissed for lack of jurisdiction. During this time, BNB remained at the leased premises without paying rent and continued to do so until November 30, 2006.
BNB’s failure to comply with the Appellate Division’s bond order of September 21, 2006 resulted in the dismissal of its summary process appeal on November 21, 2006. Final judgment entered for Pezzano on December 1, 2006. At the same time the trial judge ordered execution of the judgment for Pezzano for possession of the leased premises, along with damages and costs. The trial judge then ordered the release of the $30,000.00 that had been deposited with the court to BNB’s attorney. The instant appeal concerns that portion of the trial court’s order.
Discussion: General Laws c. 239, §5(c) provides in pertinent part as follows:
[Tjhe defendant shall, before any appeal under this section is allowed from a judgment... rendered for the plaintiff for the possession of the land or tenements demanded in a case in which the plaintiff continues at the time of establishment of bond to seek to recover possession, give bond in a sum as the court orders, payable to the plaintiff,... in a reasonable amount to be fixed by the court. ... The bond shall also be conditioned to pay to the plaintiff, if final judgment is in plaintiffs favor, all rent *42 accrued at the date of the bond, all intervening rent, and all damage and loss which the plaintiff may sustain by the withholding of possession of the land or tenements demanded and by any injury done thereto during the withholding, with all costs, until delivery of possession thereof to the plaintiff.
It is undisputed that BNB remained in possession of the leased premises for slightly more than four months from July 25th, 2006 until November 30th, 2006, after judgment initially entered for Pezzano in the summary process action. While BNB’s appeal of that judgment was never reached on the merits, BNB pursued the appeal and posted the initial $30,000 appeal bond. BNB’s failure to comply with the modified bond order later issued by the Appellate Division resulted in the dismissal of the appeal and entry of final judgment in Pezzano’s favor.
In light of the purpose of G.L.c. 239, §5 to award compensation from the bond for a loss sustained during the pendency of an appeal, we conclude that BNB’s withholding of possession of the leased premises falls within the ambit of that statute. See PGR Mgt. Co., Heath Props. v. Credle, 427 Mass. 636, 638-641 (1998) (dismissal of tenant’s appeal, where tenant failed to comply with the terms of an appeal bond and remained in possession of the leased premises after the bond was established, resulted in escrowed funds being released to the landlord and to the tenant’s attorney pursuant to a statutory lien on such funds).
The record indicates that final judgment entered and execution was ordered to issue on December 1, 2006. During and up until this time, unpaid rent accrued, as BNB continued to occupy the premises. Considering that the bond must be conditioned to pay to the plaintiff all intervening rent and loss which the plaintiff sustained by the withholding of possession until final judgment, this court concludes that the bond proceeds must inure to the benefit of Pezzano. G.L.c. 239, §5(c).
Accordingly, the trial judge’s order releasing the $30,000.00 bond to BNB is vacated. The matter is remanded to the trial court for entry of an order releasing the $30,000.00 bond proceeds to Pezzano.