**In re The RENE PRESS, INC.,**
**Debtor-Appellee.**

**Carl C. Little, P.A., Appellant.**

**Appeal No. 82–9053.**

United States Bankruptcy Appellate Panels of the First Circuit.

Argued Jan. 19, 1983.

Decided May 20, 1983.

Thomas J. Fleming, Jaffrey, N.H., for appellant.

James F. Queenan, Jr., George W. Tetler, III, Bowditch & Dewey, Worcester, Mass., for debtor-appellee.

Before VOTOLATO, Chief Judge, and JOHNSON and GOODMAN, Bankruptcy Judges.

GOODMAN, Bankruptcy Judge.

This is an appeal from a decision of the bankruptcy court, 23 B.R. 381, denying appellant's request for payment of accountant fees as an administrative expense. Appellant asserts that the procedure below deprived him of his right to notice and an opportunity to be heard. We agree.

By request filed April 22, 1982, appellant Carl Little, P.A. (hereinafter Little) sought payment of fees as an administrative expense for accounting services allegedly performed for the debtor prior to and during the pendency of the debtor's chapter 11 petition.[1] Attached to his request was an account statement showing that Little had received payments from the debtor totalling $4,400 since the filing of the petition. A hearing on the application for payment was scheduled for April 30, 1982. No written objection was filed by any party prior to the hearing. The appellant and his attorney, the debtor's attorney and the U.S. trustee appeared at the hearing. The bank-

---

1. There is no dispute that Little was not officially appointed by the court to perform accounting services. Notwithstanding, Little contends that he is entitled to fees under section 503 of the Bankruptcy Code for services that were "actual and necessary costs and expenses of preserving the estate." Request For Payment For Administrative Expense, ¶ 7.

ruptcy judge briefly questioned Little and heard an oral objection by the debtor as to the amount requested. No other objections were made at that time. Noting that argument by Little's attorney "may or may not be complete at this point," the court suggested that Little submit supporting documentation to the U.S. trustee, who would then review the court file and the information supplied by Little, and make a recommendation to the court. The court stated that it would "pick it up at that point and carry on, so to speak,"[2] and indicated that the lack of an official court appointment as accountant for the debtor was not determinative of entitlement to fees.[3] The hearing ended without further opportunity for argument.

After the hearing, written objections were filed with the court by the debtor, the official creditors' committee and the U.S. trustee. Appellant asserts and the evidence supports his contention that he had no notice of either the objection by the creditors' committee or the objection by the U.S. trustee.[4] Other than the objection, no recommendation was filed by the U.S. trustee and the objection did not annex any supplemental documentation submitted by Little to the trustee.[5] Without notice to Little of the objections and without a hearing thereon, the bankruptcy court issued a memorandum and order denying Little's request and requiring turnover of the $4,400 that Little received in post-petition payments from the debtor.[6]

Section 503(b) of the Bankruptcy Code states, in part: "[a]fter notice and a hearing, there shall be allowed, administrative expenses...." The phrase "after notice and a hearing" means "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances...." 11 U.S.C. § 102(1)(A). Under some circumstances, court action is authorized without a hearing. 11 U.S.C. § 102(1)(B); H.R.Rep. No. 595, 95th Cong., 1st Sess. 315 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 27 (1978) U.S.Code Cong. & Admin.News, p. 5787; *See In re Sullivan Ford Sales,* 2 B.R. 350, 354, 5 B.C.D. 1288, 1289, 1 C.B.C.2d 397, 403 (Bkrtcy.D.Me. 1980).

■ The notice and the initial hearing were appropriate in these particular circumstances. It is the events that occurred during that hearing that lead us to conclude that *notice and further hearing is necessary.* The court made several statements during the initial hearing that would lead a reasonable attorney to believe that further opportunity for argument, whether by written response or additional hearing, would be provided after receipt of the U.S. trustee's recommendation. The court noted that Lit-

2. The court later said that it would "pick it up at that point and carry through with it."

3. The following discussion took place at the hearing.
   [LITTLE'S ATTORNEY]: I can only submit that while the accountant was not officially appointed by the court, he was the long-standing accountant for the debtor, and he did perform the services.
   THE COURT: Well, that can be cured. *The work had to be done.*

   .   .   .   .   .

   THE COURT: ... [T]he mere fact we didn't have formal authority is not the end all of the situation.... The work had to be done, was done. We're not quite sure what the quantity of what was done has been had here.

4. The certificate of service attached to the objection by the creditors' committee states that Little was served with a copy of the objection by mail, but the cover letter attached to the objection and filed with the court does not include Little among the persons receiving copies. Neither the certificate of service nor the cover letter attached to the objection by the U.S. trustee indicates service to either Little or his attorney.

5. It is unclear from the record what information Little submitted. Little claims, in his request for reconsideration filed with the bankruptcy court, that some documentation was submitted and this is not disputed on appeal. It is clear from the order denying Little's request for payment that the documentation was never seen by the court.

6. There was no complaint for turnover of these payments before the court. The creditors' committee requested turnover to the debtor of these payments in its objection filed with the court after the hearing. As noted earlier, Little was not served with a copy of this objection.

tle's argument might not yet be complete and terminated the hearing to give the U.S. trustee time to prepare a recommendation. Little was not, at that time, provided with an opportunity to argue further. Moreover, in view of the court's statements that lack of official appointment could be "cured" and was not "the end all of the situation," [7] a reasonable attorney could conclude that argument on this issue would not be necessary or that it would be permitted at a later date. Yet, without allowing further opportunity to argue this issue, the court entered its order denying recovery based on this very ground. In reaching that decision, the court also considered *ex parte* material submitted *after* the hearing. Without an opportunity to review this material, Little could neither rebut it nor request a further hearing thereon.

By the court's own statements, appellant was led to believe that an opportunity for further argument would be given. Under these circumstances, it was unfair to deny Little's request without an additional hearing.[8]

 This panel is even more concerned with the bankruptcy court's order for turnover of the $4,400.00 that Little received in post-petition payments. A request for the recovery of money is an adversary proceeding to be commenced by the filing of a complaint with the court. *See* Bankruptcy Rules 701, 703. In this case, no complaint was before the court requesting the turnover of these payments.[9]

We vacate the order appealed from and remand the matter to the bankruptcy court for further proceedings consistent with this decision.

---

7. *See supra* note 4.

8. *Cf. Friend v. Commissioner of Internal Revenue*, 102 F.2d 153, 155 (7th Cir.1939) (it was unfair to deny appellant an opportunity for rebuttal where counsel reasonably labored under the impression that rebuttal would be allowed).

9. *See supra* note 7.