Cratsley, J.
This case arises out of claim of gender discrimination brought by plaintiff Kathleen Stanford (“Stanford”) against defendants Harvard University and Francis D. Riley, Chief and Commanding Officer of the Harvard University Police Department (collectively “Harvard”). At the inception of the case, while this dispute was pending before the Massachusetts Commission of Discrimination (“MCAD”), plaintiffs counsel Messing and Rudavsky, P.C. (“M&R”) sought out, interviewed, and elicited sworn affidavits from five Harvard employees who worked with and supervised Stanford. M&R contacted Harvard’s employees without the approval of Harvard’s counsel, the MCAD, or any court.
Following the removal of the case to this Court, Harvard filed a Motion for an Evidentiary Hearing and Sanctions as a result of M&R’s ex parte communications with its employees. On November 1, 2000, after several hearings and numerous filings, this Court concluded that M&R had ex parte contact with five of Harvard’s current employees in violation of DR 7-104(A) and Rule 4.2. As a result, this Court ordered (1) that statements obtained from the impermissible communications could not be used un *78 less obtained properly, and (2) that M&R pay Harvard’s attorneys fees and costs associated with this motion.
On January 10, 2001, M&R filed an emergency motion for reconsideration of this Court’s decision on Harvard’s motion for sanctions. Harvard thereafter filed an opposition in response to Harvard’s motion. On February 7, 2001, this Court denied M&R’s motion for reconsideration.
Before this Court is Harvard’s Petition for Attorneys Fees and Costs. Harvard seeks a total of $152,255.96, which breaks down as follows: (1) $21,213.00 to compensate Harvard University’s in-house counsel for the hours spent on the sanctions issue when the matter was before the MCAD; (2) $125,949.72 to compensate attorneys at Bingham Dana LLP who billed time to the case;[2] and (3) $5,093.24 in costs.
M&R challenges Harvard’s petition on multiple grounds, including that Harvard failed to secure most of the relief they sought and thus their fee award should be reduced; that the amount of time spent on certain tasks was excessive; that the time Harvard's in-house counsel spent in pursuing the sanctions issue before the MCAD is not compensable; that the time Bingham Dana billed on several issues was duplicative; that the billing records are insufficiently detailed; that many legal chores could have been delegated to secretaries or paralegals at lower cost; and that certain of Harvard’s costs are not reimbursable.
The authority to award attorneys fees is frequently found “within the power of the court . . . where it is in the interest of justice.” Police Comm'r of Boston v. Gows, 429 Mass. 14, 18 (1999). The determination of whether a fee is reasonable is left largely to the discretion of the court. Fontaine v. Ebtec Corp., 415 Mass. 309, 324 (1993). The relevant factors to consider are “the nature of the case and the issue presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.” Linthicum v. Archambault, 379 Mass. 381, 388-89 (1970).
Harvard’s counsel submitted stacks of billing records, which this Court reviewed in arriving at a reasonable fee. Generally, Harvard’s counsel met their burden of submitting “detailed contemporaneous time records.” Lipsett v. Blanco, 975 F.2d 934, 938 (1st Cir. 1992). However, the Court “need not feel handcuffed by counsel’s submission of time records, no matter how elaborate.” United States v. Metropolitan Dist. Comm’n, 847 F.2d 12, 18 (1st Cir. 1988). “To the contrary, the presiding judge must draw on his experience and wisdom in deciding whether the time spent on each phase was in excess of a reasonable amount.” Id. After reviewing the various affidavits, arguments Court concludes as follows.
(1) Attorney David C. Casey’s hourly billing rate of $425.00 is high compared to rates charged in the Boston market by lead attorneys in employment discrimination cases with similar experience, reputation and skill. Even considering Harvard’s discounted hourly billing rate of $382.50, this Court finds this amount excessive. Although there is no reason to doubt Mr. Casey’s skill and abilities as an employment litigator, this Court finds it is difficult to justify an hourly rate of $382.50 for a senior level attorney under these circumstances. Consequently, this Court reduces his billing to a hourly rate of $300.00
(2) As to attorneys Michael R. Weissmann and James M. Hankins discounted hourly billing rates of $166.00, this Court finds these rates reasonable and commensurate with the rates charged in the Boston market by attorneys, essentially entry level associates, with similar experience and skill.
(3) This Court declines to reduce the overall amount requested by distinguishing between the issues upon which Harvard "succeeded” and those upon which it did not. As a general rule, a fee award is limited to the proof of successful claims, “unless it can be shown that the claims were interconnected.” Krewson v. Quincy, 74 F.3d 15, 19 (1st Cir. 1996). Here, Harvard achieved a significant victory — proving that M&R violated Rule 4.2 and blocking use of the fruit of their misconduct. Indeed, it is the mere fact that this violation occurred that prompted this Court to award Harvard fees expended on pursuing the Rule 4.2 violation. Thus, a reduction of the overall award simply for some ratio of success is inappropriate.
(3) Time billed for Harvard’s in-house counsel when the issue was before the MCAD is not compensable. This Court finds it appropriate to award attorneys fees only for the Motion for Sanctions that was before the Court. Thus, Harvard is not entitled to fees and costs expended for work before the MCAD. Consequently, this Court eliminates these charges in their entirety.
(4) Consistent with the practice of some trial judges,[3] costs for items that should be absorbed as overhead in an attorney’s hourly rate are not compensable. Thus, all costs for photocopying, postage, telephone charges, faxes, legal research, travel and expedited delivery are excluded. Noting that Harvard does not seek reimbursement for permissible costs such as expert witness fees, this Court eliminates Harvard’s requested costs in their entirety.
(5) Certain Harvard billing records are insufficiently documented and thus deserve modification. In order for the Court to determine whether time spent on a particular task was reasonable, billing records should sufficiently detail how much time was spent on that task and whether it was pertinent *79 to an issue for which the party is entitled to attorneys fees. Calhoun v. Acme Cleveland Corp., 801 F.2d 558, 560 (1st Cir. 1986). In reviewing the billing records this Court notes that there are several billing work descriptions that lack the required specificity needed to determine whether the work performed was pertinent to the sanctions issue. Consequently, this Court deducts the hours billed in these instances from the overall total. See Appendix A which reflects the revised billable hours for Casey and/or Associates by month.
(6) Finally, this Court identifies several instances where work performed appears unnecessary, duplicative or, in this Court’s view, more aptly conducted by administrative personnel. Thus, this Court deducts the hours billed in these specific instances from the overall total. See Appendix A which reflects these revisions on a monthly basis.

ORDER

For the foregoing reasons, this Court awards defendant Harvard attorneys fees in the amount of $94,718.80.
[[Image here]]

 The largest request, $102,601.47, is submitted for the time spent on Harvard's initial Motion for an Evidentiary Hearing and subsequent responses. Harvard also requests reimbursement for $11,724.75 in legal fees incurred in opposing M&R’s motion for reconsideration, and $11,623.50 in legal fees incurred in replying to M&R’s opposition to Harvard’s fee petition.

 See the unpublished local Federal Court decision, McMillan v. Massachusetts Society for the Prevention of Cruelty to Animals, et al., C.A. 92-11178 (D.Mass. November 12, 1996).