Houston, J.
This matter comes before the court on the defendants’ request for costs and attorneys fees to be awarded as Rule 11 sanctions. The defendants seek reimbursement for all expenses incurred prior to and in connection with the motion for sanctions following the plaintiffs filing of a complaint alleging medical malpractice. In opposition, the plaintiff concedes that fees incurred prior to the filing of the motion for sanctions are warranted, but asserts that the costs of bringing the motion should not be included in the defendant’s recovery, and that the defendant’s request should be reduced. For the following reasons, the court ORDERS the plaintiff to reimburse the defendants $10,545.10.
BACKGROUND
This action was commenced on January 20, 2000, when the plaintiff, Richard A Hooker (“Hooker”) filed a complaint against Jerome L. Tanzer M.D., Philip A. Rogoff, M.D., John ( Anderson, M.D., and Mount Auburn Hospital (collectively “defendants”) alleging negligence (Count I), wrongful death (Count II), battery (Count III) and violations of G.L.c. 210D (Count IV). On March 29, 2000, a medical malpractice tribunal (“tribunal”), convened pursuant to G.L.c. 231, entered findings in favor of the defendants.
On April 18, 2000, the defendants filed an Emergency Motion to Increase Bond and to Assess Costs and Sanctions against plaintiffs counsel for violations of Mass.R.Civ.P. 11. On May 9, 2000, the court (Fabricant, J.) refused to increase the bond and dismissed the case, but ordered plaintiffs counsel Burton Waisbren (“Waisbren”) to file an affidavit setting forth his subjective beliefs as to the grounds for the filing of the complaint.
On June 14, 2000, a lengthy hearing was held on the defendant’s remaining motion to assess costs and sanctions. On August 21, 2000, the court (Fabricant, J.) issued a finding that Waisbren filed the complaint in bad faith and thus, in violation of Mass.R.Civ.P. 11. The court further stated that the “defendants may submit a request for an award of attorneys fees and costs in a specific amount, supported by affidavit or other appropriate documentation.”
On September 13, 2000, the defendants filed a request for award of costs and attorneys fees with two supporting affidavits, seeking costs in the amount of $1,041.50 and attorneys fees in the amount of $9,503.60. On September 19, 2000, Waisbren filed an opposition indicating that although he accepted the court’s order, the amount the defendants were requesting was “insufficiently substantiated” to allow the court to make a determination as to the reasonableness of the fees and costs. On October 30, 2000, the court (Donovan, J.) granted the defendants leave *592 to reply and ordered counsel to file, within 15 days, a statement of time spent and hourly fees.
On November 1, 2000, the defendants submitted a statement of time spent by counsel and counsel's hourly rates from February 2000 - November 2000, totaling $9,903.60, with counsel’s supporting affidavit. On November 30, 2000, the court (Garsh, J.) ordered the defendants to file “an updated affidavit with some specificity detailing what each of the three attorneys did in the hours for which fees are being requested.” The court further concluded that “because th[e] request was filed with so little specificity, counsel for the defendants are limited to the fees sought in the initial application and costs and not further expenses in connection with said request.”
On December 14, 2000, the defendants submitted two supplemental affidavits and attached copies of the actual bills generated and forwarded by defense counsel to the defendants’ insurer. At that juncture, the defendants sought fees totaling $9,503.60 and costs totaling $1,041.50 for work performed through September 12, 2000.
This court heard the matter on January 25, 2001. At the hearing, Waisbren argued that the defendants should only be allowed to recoup the attorneys fees generated through the time of the tribunal’s finding in April 2000, and should be denied all costs associated with the Rule 11 motion. The court allowed Waisbren to submit a supplemental memorandum.
DISCUSSION
Waisbren argues that the court’s order on November 21, 2000 limits the defendants’ recovery to fees generated through April 2000 totaling $4,842.50, when the tribunal entered its formal findings in favor of the defendants, because thereafter, the defendants risked no liability.[3] In opposition, the defendants argue that they are entitled to recover all fees generated until September 12, 2000, the date of their initial application. The issue in this case, therefore, is whether attorneys fees, when awarded as Rule 11 sanctions, include only compensation for expenses by the Rule violation itself and not the expense of bringing the motion for sanctions.
Where an attorney has failed to show a substantial good faith belief that the pleading was supported in both fact and law, Mass.R.Civ.P. 11(a) authorizes a judge to impose attorneys fees and costs. See Van Christo Advertising, Inc. v. M/A-COM/LCS, 426 Mass. 410, 416 (1998). Time spent in establishing and defending an attorneys fee award or objecting to an unduly small award is generally included in the final calculation of the award. See Stratos v. Public Welfare, 387 Mass. 312, 325 (1982); Stowe v. Bologna, 417 Mass. 199, 205 (1994).
In the present case, the court deems it appropriate to order Waisbren to reimburse the defendants for the fees and costs they incurred in having to pursue all of the unnecessary avenues, including those related to the motion for sanctions and hearing on their initial application, as a result of Waisbren’s actions. On the basis of the affidavits filed and billing statements, considered in the light of the "lodestar” method for calculating attorneys fees, see Fontaine v. Ebtec Corp., 415 Mass. 309, 324-26 (1993), Waisbren is ORDERED to pay the defendants $9,503.60. That figure represents 69.40 hours of professional legal services billed to the defendants by counsel at a rate between $125 to $150 per hour. Waisbren is also ORDERED to pay the defendants $1041.50 for related costs.
ORDER
For the foregoing reasons, the plaintiffs are ORDERED to pay the defendants $10,545.10.

 According to the billing statements submitted to the court in support of this motion, the defendants spent approximately 30.60 hours working on the case prior to the convening of the tribunal, and 38.80 hours thereafter preparing for the Rule 11 motion.