Lauriat, Peter M., J.
The plaintiff, Admiral Metals Servicenter Co., Inc. (“Admiral”), commenced this collection action against the defendants, Micromatic Products Co, Inc., d/b/a Precision Swiss Screw (“Micromatic”), Michael P. Contos (“Contos”), Archimedes Really Trust (“Archimedes”), Pristine of Ward Hill, Inc. (“Pristine”), and MPC Realty LLC (“MPC”) (collectively “the Defendants”), seeking monies allegedly owed for goods Admiral sold and delivered to Micromatic. In January 2003 this court allowed the Defendants’ motion for summary judgment on Admiral’s claims of breach of contract, quantum me-ruit, fraud, fraudulent conveyance, piercing the corporate veil, violation of G.L.c. 93A, and violations of G.L.c. 156B, §§61 and 62. Micromatic filed and Admi *490 ral accepted a Rule 68 Offer of Judgment in March 2003. Thereafter, in July 2003, Contos filed a Motion for Sanctions against Admiral and its counsel of record Cameron C. Pease, Esq. (“Pease”), under G.L.c. 231, §6F, and Mass.R.Civ.P. 11(a), respectively.
After a hearing, this court concluded that Admiral knew that Contos was not personally liable for Micromatic’s debt and consequently acted with ill will and insincerity in advancing a frivolous claim against Contos; and that Pease’s commencement and subsequent prosecution of this action against Contos were not the product of a genuine professional judgment or based on reasonable inquiry and an absence of bad faith. In a decision dated September 30, 2008, this court issued findings of facts and rulings of law allowing Contos’s motion against Admiral, awarding attorneys fees and costs pursuant to G.L.c. 231, §6F, and against Pease, awarding Rule 11 sanctions in the form of attorneys fees and costs. This court further concluded that the amount which Contos is due would be divided evenly between Admiral and Pease given that Contos is entitled to attorneys fees and costs from both Admiral and Pease.
In affidavits submitted at the time of his motion under G.L.c. 231, §6F and Mass.R.Civ.P. 11(a), Contos alleged he was entitled to $30,365.25 in attorneys fees and $195.50 in costs for the work of his attorneys Michael Feinman (“Feinman”) and Andrew Caffrey, Jr. (“Caffrey”). At the court’s direction, Con tos submitted updated affidavits, and now seeks a total of $37,194.25 in attorneys fees and $195.50 in costs. Admiral and Pease (collectively, “Admiral”) dispute these amounts, and ask this court to subtract (1) the costs and certain fees, including those fees that arose out of the G.L.c. 231, §6F, and Mass.R.Civ.P. 11(a) motion, (2) the costs and fees that accrued during Contos’s bankruptcy, and (3) the fees that represent the time Feinman testified as a witness for Contos.
For the following reasons, the court finds that Contos is entitled to $26,461.05 in attorneys fees and no costs.
DISCUSSION
I. Attorneys Fees Arising from Motion for Sanctions
Admiral’s primary argument in opposing the reasonableness of Contos’s request for attorneys fees and costs is that Contos is not entitled to those fees and costs incurred as a result of his motion under G.L.c. 231, §6F, and Mass.R.Civ.P. 11 (a). Admiral is incorrect in contending that the court is without authority to award attorneys fees and costs incurred in seeking those amounts, although it is correct in pointing out that neither G.L.c. 231, §6F, nor Mass.R.Civ.P. 11(a) contains express language to that effect. In making its argument, Admiral unsuccessfully attempts to distinguish Stratos v. Department of Pub. Welfare, 387 Mass. 312 (1982), while at the same time it criticizes the Justices of this court for their reliance on this case.[1]
As the close reading, below, demonstrates, Stratos is not distinguishable from this case. First, the prevailing party’s right to attorneys fees in both cases arises from a statute — 42 U.S.C. §1988 in Stratos and G.L.c. 231, §6F, and Rule 11(a) here. E.g., Waldman v. American Honda Motor Co., Inc., 413 Mass. 320, 323 (1992) (“When the Legislature determines that actual, reasonable costs, as distinguished from statutory costs, are to be shifted from the losing party to the prevailing party, it enacts an explicit statute.” (citing G.L.c. 231, §6F)). Moreover, neither G.L.c. 231, §6F,[2] Mass.R.Civ.P. 11(a),[3] nor 42 U.S.C. §1988 expressly provides for an award of attorneys fees and costs incurred in the course of seeking those amounts.[4] The factual difference upon which Admiral bases its argument is superficial and not central to the proposition upon which this court has relied in other cases.
After the agency defendant denied him the funds for which he had applied, the plaintiff in Stratos filed a complaint with the Superior Court under G.L.c. 30A, §14, seeking reversal of the defendant’s decision, and under 42 U.S.C. §1983, challenging the regulation on which the defendant had based its decision. Id. at 313, 314. The court reversed the agency’s decision and ordered it to pay the plaintiff the funds he had requested. Id. at 314. The parties then submitted to the court “affidavits and memoranda on the question of fees” under 42 U.S.C. §1988. Id. at 314-15.
The plaintiff based his fee request on “(e)leven hours and forty-five minutes . . . spent on the merits of the case, and seventeen hours, twenty-five minutes [spent] on the question of fees.” Id. at 315 (emphasis added). The court reduced this total of twenty-nine hours, ten minutes, “finding that [the plaintiffs] counsel reasonably spent a total of twenty-five hours preparing and presenting the case.” Id. The court also reduced the hourly rate. Id. On that point, the Supreme Judicial Court “remand[ed[ the case so that [the court] [could] determine and award a reasonable fee . . .” Id. at 324; see id. at 322-23 (“in applying the . . . guidelines [to calculating fees], fair market rates for time reasonably spent should be the basic measure of reasonable fees, and should govern unless there are special reasons to depart from them”). The Court did not disturb the total hours the lower court had set, however, thereby affirming that court’s decision to award the plaintiff attorneys fees and costs for work performed “on the question of fees.” Id. at 315.
On appeal, the plaintiff also asked that the Court award him the fees he incurred in the appeal. Id. at 325. It is on two sentences that arise in this context that Admiral relies for its argument that Stratos is distinguishable from the present case. In fact, Contos relies on these sentences as well for his converse argument that Stratos applies to this case. In the first sentence, the Court held that, “as a general rule, time spent in establishing and defending a fee, or objecting to an unduly small award, should be included in the *491 final calculation of the award.” Id. The second half of that sentence — "objecting to an unduly small reward" — refers to fees arising out of an appeal and applied to the issue before the Court. Id. The first half of that sentence — "establishing and defending a fee" — refers to fees arising out of initiating a claim for fees and, consequently, applies to the issue before this court. Id. Contrary to Admiral’s argument, the Court’s statement, setting forth the “general rule," is not limited to cases arising under 42 U.S.C. §1988. See id.
The sentence immediately following the above-quoted sentence — and the second sentence upon which the parties rely for their conflicting arguments— serves as evidence that this rule is, indeed, a general rule, and is not limited to 42 U.S.C. §1988: “Exclusion of such services would dilute the value of the award, and so frustrate the purpose of the act authorizing fees.” Id. Rather than note the purpose of 42 U.S.C. §1988 in this sentence,[5] the Court utilized the generic term “act” to encompass all statutes that provide for attorneys fees. See id. The Court concluded that, with respect to the facts before it, “the purposes of §1988 do not require compensation for work expended on an appeal initiated by the plaintiff [who was entitled to attorney fees,]” but, as both parties appealed the Superior Court’s fee award, the plaintiff was entitled to fees for time spent on the appeal. Id.
Thus, a close reading of Stratos reveals that, when determining whether to award statutory attorneys fees and costs to a prevailing party, the court should generally award those amounts incurred as a result of “time spent in establishing and defending a fee,” as long as that award is consistent with “the purpose of the act authorizing fees.” Id. Through its use of the phrase “[a]s a general rule” and the generic term “act[,]” the Court did not intend to limit its statement of law to the facts before it involving 42 U.S.C. §1988. See id.
The present case involves Mass.R.Civ.P. 11 and G.L.c. 231, §6F. The purpose of Mass.R.Civ.P. 11 is to serve as a deterrent against “frivolous and abusive litigation,” U.S. Funding, Inc. of Am. v. Bank of Boston Corp., 28 Mass.App.Ct. 404, 408 (1990) (citation omitted), while the purpose of G.L.c. 231, §6F, is punitive. Waldman, 413 Mass, at 323 (noting “punitive effect” of G.L.c. 231, §6F); Gonzalez v. Pierce-Williams, 68 Mass.App.Ct. 785, 789 (2007) (“G.L.c. 231, §6F, seek[s] to punish a party for acting in bad faith”); Compugraphic Corp. v. DiCenso, 11 Mass.App.Ct. 1020, 1021 (1981) (holding that G.L.c. 231, §6F is “designed to punish the knowing pursuit of frivolous or unwarranted claims or defenses”). Awarding Contos the attorneys fees and costs incurred “in establishing and defending” those amounts is consistent with these purposes. Contos is therefore entitled to those attorneys fees and costs. See supra, nn. 2, 3.
II. Contos’s Bankruptcy
As this court’s September 2008 decision established, when Contos filed for bankruptcy in February 2005, his debt for attorneys fees and costs became property of the bankruptcy estate, and Con tos properly scheduled his claim by including among his creditors in his bankruptcy schedule his attorney in the Admiral action. By February 25, 2006, at the latest, the trustee had effectively abandoned any right over Contos’s claim for attorneys fees in the Admiral action. Admiral seeks to subtract from Contos’s award of attorneys fees and costs the $6,975 attributable to the work performed while Contos was in bankruptcy, arguing that, during that period, the bankruptcy trustee and not Contos “own[ed] [and] controlfled]” his claims, thus Contos’s attorney had no authority to act. Memorandum of Plaintiff Admiral Metals Servicenter Co., Inc. and Goldman & Pease on the Reasonableness of Defendant Michael Contos’s Fee Request, at 6. Admiral misstates the issue.
Admiral does not dispute that Contos’s standing to pursue his claim for sanctions reverted to him upon the bankruptcy trustee’s abandonment of his bankruptcy estate, but argues that Contos is not entitled to attorneys fees and costs incurred prior to that abandonment because attorneys Caffrey and Feinman did not obtain the trustee’s authority to act in Contos’s sanctions action. Relying on language in Cambridge Biotech Corp. v. Deloitte & Touche, Civil No. 96-1480, 1997 WL 42516, *3 (Mass.Super.Ct. Jan. 28, 1997) (Fremont-Smith, J.) [6 Mass. L. Rptr. 367, Admiral argues that “[t]he recognized sanction for non-compliance with section 327(a) ... is not dismissal [of the action in which the attorney is involved], but denial of attorneys fees.”[6] Section 327 of Title 11 of the United States Code provides that “the trustee, with the [bankruptcy] court’s approval, may employ one or more attorneys ... to represent or assist the trustee in carrying out the trustee’s duties under this title.” 11 U.S.C. §327(a) (emphasis added).
In Cambridge Biotech Corp., the plaintiff debtor commenced an action in this court alleging that defendant auditor’s failure “to conduct its audit in accordance wdth” generally accepted standards “resulted in plaintiffs [Chapter 11] bankruptcy.” Civil No. 96-1480, 1997 WL 42516, *1. The defendant moved to dismiss on the grounds, inter alia, that “because plaintiffs counsel did not apply for nor receive permission from the Bankruptcy Court to represent plaintiff in this action pursuant to 11 U.S.C. §327(a), the complaint was a ‘nullity’ ...” Id. This court (Fremont-Smith, J.) held that “[w]hile a bankruptcy . . . stays any action against the bankrupt, it does not prohibit a suit by a bankrupt in possession!,] . . . [and] any professional not obtaining approval is simply considered a volunteer if it seeks payment from the estate." Id. at *3 (emphasis added).
*492 Thus, in that case where the debtor employed an attorney without bankruptcy court approval in violation of 11 U.S.C. §327(a), debtor’s counsel could not receive compensation from the bankruptcy estate. Id. While in Chapter 11 bankruptcy, however, a debtor may become a debtor in possession, a status that provides the debtor with “all the rights, . . . and powers, and . . . [obligations] to perform all the functions and duties ... of a trustee . . 11 U.S.C. §1107(a). Here, Contos was not a debtor in possession, but a Chapter 7 debtor with a trustee. Contos himself and not his bankruptcy trustee employed Caffrey and Feinman,[7] thus 11 U.S.C. §327(a) and the reasoning in Cambridge Biotech Corp. do not apply.
Section 329 of Title 11 of the United States Code applies to “[a]ny attorney representing a debtor in a case under this title, or in connection with such a case” and requires that attorney “to file with the [bankruptcy] court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the [bankruptcy] petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. §329(a). Admiral has not demonstrated — nor can it demonstrate — that Contos’s bankruptcy petition was directly connected to the underlying case with respect to which Caffrey and Feinman represented him.
Admiral initially commenced this action against Contos and other defendants in 2001 as a collection action for monies allegedly owed for goods Admiral sold and delivered to Micromatic. That action effectively concluded on summary judgment in January 2003, and Contos filed his motion for sanctions under G.L.c. 231, §6F, and Mass.R.Civ.P. 11(a) in July 2003. Contos filed for bankruptcy in February 2005. Admiral’s collection action and Contos’s motion for sanctions — -as well as Caffrey’s and Feinman’s representation of Contos therein — were not “ ‘related to the precipitating cause of the bankruptcy’ or ‘inextricably intertwined with the bankruptcy.’ ” Zimmerman, Roxenfeld, Gershi & Leeds LLP v. Larson, 131 Cal.App.4th 1466, 1480, 1485 (Cal.Ct.App. 2005) (holding plaintiff divorce attorney did not perform services in connection with defendant former client’s bankruptcy proceeding where “ ‘in connection with’ a bankruptcy requires consideration of objective factors” (quoting In re Keller Fin. Serv’s. of Fl., Inc., 248 B.R. 859, 877 (Bankr.M.D.Fla. 2000))).
Moreover, just as with respect to 11 U.S.C. §327, the facts of the present case do not fall within the scope of 11 U.S.C. §329. The “harsh rule” that withholds compensation from an attorney who fails to comply with the bankruptcy code before representing a debtor “is necessary to ensure that the [bankruptcy] court has control over disbursements from the [bankruptcy] estate.” Id. (internal citations omitted) (emphasis added), quoting In re Rene Press, Inc., 23 B.R. 381, 383 (Bankr.D.Mass. 1982), vacated on other grounds, 29 B.R. 446 (B.A.P. 1st Cir. 1983). Caffrey and Feinman are not seeking attorneys fees and costs from Contos’s bankruptcy estate. Rather, Contos is entitled to those amounts as damages for prevailing on his motions under G.L.c. 231, §6F, and Mass.R.Civ.P. 11(a),[8] and Admiral and Pease are required to pay those amounts as a result of their misconduct.
In sum, Contos is entitled to recover those attorneys fees and costs that accrued during the period he was in bankruptcy.
III. Contos’s Award
The amount of attorneys fees the court awards is “largely discretionary with the judge, who is in the best position to determine how much time was reasonably spent on a case, and the fair value of the attorney’s services.” Fontaine v. Ebtec Corp., 413 Mass. 309, 324 (1993); see G.L.c. 231, §6F ¶4 (“In any award made pursuant to . . . [G.L.c. 231, §6F], the court shall specify in reasonable detail the method by which the amount of the award was computed and the calculation thereof’); Van Christo Adver., Inc. v. M/A-COM/LCS, 426 Mass. 410, 415 (1998) (awards pursuant to Mass.R.Civ.P. 11(a) are within court’s discretion as rule does not “specify the kinds of disciplinary action that [can] be taken by a judge in response to a violation of the rule”). Contos seeks $19,531.23 in attorneys fees from Caffrey and $17,663 in attorneys fees and $195.50 in costs from Feinman.
A. Caffrey
With the exception of the fees incurred during Contos’s bankruptcy, Admiral does not object to Caffrey’s calculation of fees set forth in his affidavits. Caffrey performed seventy-six hours and fifteen minutes of work at a rate of $225 per hour, and nine hours and thirty minutes of work at a rate of $250 per hour. The court finds the amount of hours worked and the hourly rate charged reasonable.
B. Feinman
The court also finds Feinman’s fees, as set forth in his two affidavits, were reasonable and necessary. Unlike with Caffrey, however, certain aspects of Feinman’s request require further discussion.
1. Costs
Contos seeks costs in the amount of $195.50 that Feinman incurred for photocopies ($37.50), Westlaw research ($150), and parking ($8). As the court has previously held, such expenses are part of an attorney’s overhead included in his hourly rate and cannot be separately recovered as costs. See e.g., Heath v. Silvia & Silvia Assocs., Inc., Civil No. 041570, 2007 WL 3259150, *4 (Middlesex Super.Ct. Oct. 5, 2007) (Henry, J.); Roberts v. Department of State Police for the Commonwealth, Civil No. 0101877, 2002 WL 31862711, **6-7 (Middlesex Super.Ct. Sept. 26, 2002) *493 (Houston, J.) [15 Mass. L. Rptr. 462]; Stanford v. President & Fellows of Harvard Coll., Civil No. 994042, 2001 WL 716834, *2 (Mass.Super.Ct. March 21, 2001) (Cratsley, J.) [13 Mass. L. Rptr. 77]; Federal Deposit Ins. Corp. v. Kefalas, Civil No. 917274, 1999 WL 1411361, *5 (Mass.Super.Ct. Dec. 14, 1999) (McHugh, J.) [11 Mass. L. Rptr. 139]. This court will therefore exclude this amount from Contos’s award.
2.Time Spent as a Witness
Admiral seeks to subtract from Contos’s attorneys fees award the $1,178 and $1,140 incurred on December 10 and December 15, 2004, respectively, because Feinman testified on Contos’s behalf on both of those dates. As Feinman was not acting as an attorney at that time, Admiral argues, he cannot recover those fees. Rule 3.7 of the Massachusetts Rules of Professional Conduct provides that “[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where ... the testimony relates to the nature and value of legal services rendered in the case ...” Mass.R.Prof.C. 3.7(a)(2) (emphasis added). Permitting the attorney to testify in this situation “avoids the need of a second trial with new counsel to resolve that issue. Moreover, in such a situation, the judge has firsthand knowledge of the matter in issue; hence, there is less dependence on the adversary process to test the credibility of the testimony.” Mass.R.Prof.C. 3.7 cmt. 3.
There is no dispute that Feinman’s testimony on December 10 and December 15, 2004, “relate[d] to the nature and value of legal services [he] rendered in the case.” Thus, Mass.R.Prof.C. 3.7 does not prevent Fein-man from simultaneously representing Contos. Fein-man is therefore entitled to compensation for the time he spent in court on those two days, and this court will not exclude those amounts from Contos’s award.
3.Attorney Stephen P. Shannon and “PSW”
Admiral argues that the court should subtract from the award Contos receives the amounts Feinman attributes to Attorney Stephen P. Shannon (“Shannon”) and to “PSW.” While Admiral correctly points out that Feinman does not identify PSW, that individual is clearly a paralegal or other non-attorney assistant whose rate is $50 per hour. PSW appears only twice, on March 26, 2002, and on October 23, 2002. On both occasions, PSW"s work involved preparing a “pleadings binder” for a total of 2.10 hours, or $105. These amounts are reasonable for the administrative-type task they represent.
With respect to Shannon, Feinman identifies him as an associate in Feinman’s firm with an hourly rate of $150. In addition to the motion for sanctions, the bulk of Shannon’s work appears to have been on discovery and summary judgment matters. It is reasonable for Feinman, whose hourly rate is $190, to have delegated this labor-intensive work to Shannon, given the latter’s lower hourly rate. Contos is accordingly entitled to recover the fees representing Shannon’s work.[9]
4.Fees Incurred Prior to Motion for Sanctions
At the outset of this action, there were five defendants; Contos is the only defendant who brought this motion for sanctions. Contos alone cannot recover the fees attributable to the work Feinman performed on behalf of all five defendants. As Feinman is unable to allocate his fees among the five defendants, this court will divide the awarded amount by five. Feinman, Shannon, and PSW performed work for all five defendants between October 24, 2001, and March 3, 2003. The total amount of fees incurred for this period is $13,646. Dividing that amount by five allocates $2,692.80 to Contos.
IV. Total Fee Award
Contos is therefore entitled to the following amounts:
$19,531.25 for work Caffrey performed between November 24, 2003, and December 12, 2008;
$2,692.80 for work Feinman, Shannon, and an assistant performed prior to the motion for sanctions, between October 24, 2001, and March 4, 2003; and
$4,239 for the remainder of the work Feinman and Shannon performed from April 10, 2003, through December 15, 2004.
The total amount of attorneys fees due to Contos is $26,463.05. Admiral and Pease shall each pay Contos one-half of that amount, i.e., $13,231.53.
ORDER
For the forgoing reasons, Admiral Metals Servicecenter Co., Inc. and Cameron C. Pease, Esq. shall each pay to Michael P. Contos the sum of $13,231.53, for a total of $26,463.05, for attorneys fees incurred in this matter.

More accurately, Admiral points out that other Justices of the Superior Court have relied on Estate of Hooker v. Tanzer, Civil No. 00256, 2001 WL 1334261 (Middlesex Super.Ct. Aug. 8, 2001) (Houston, J.) [13 Mass. L. Rptr. 591], which, in turn, relied on Stratos for the proposition that this court is authorized to award the fees and costs incurred in seeking those fees and costs. Admiral asserts (1) “that this proposition [in Estate of Hooker] was not considered by these [Superior Court] judges well or at any great length!,]” Memorandum of Plaintiff Admiral Metals Servicenter Co., Inc. and Goldman & Pease on the Reasonableness of Defendant Michael Contos’s Fee Request, at 5; and (2) that the Justices have apparently not themselves examined, let alone questioned, the soundness of that holding [in Estate of Hooker]." Reply Memorandum of Plaintiff and Plaintiffs Counsel to Defendant Michael Contos’s Opposition Memorandum on the Reasonableness of his Fee Request, at 1.

Section 6F of G.L.c. 231 provides that, if the court finds that claims “were wholly insubstantial, frivolous and not advanced in good faith[,] . . . the court shall award to each party against whom such claims were asserted an amount representing the reasonable counsel fees and other costs and expenses incurred in defending against such claims.” G.L.c. 231, §6F ¶¶1-2 (emphasis added). Arguably, the italicized *494 language can be read as supporting the notion that, as attorneys fees and costs incurred in defending against frivolous claims are those that arise from the G.L.c. 231, §6F motion itself, Contos is entitled to those amounts. Even if this language does not support this conclusion, however, Contos is still entitled to those amounts, as discussed infra,

“Rule 11 (a) prescribes no specific sanctions against the offending attorney.” Reporters’ Notes to Mass.R.Civ.P. 11. Contra Fed.R.Civ.P. 11(c)(2) (setting forth list of what “sanction may consist of,” including “some or all of the reasonable attorneys fees and other expenses incurred as a direct result of the violation” (emphasis added)). At the same time, Rule 11(a) does not proscribe any specific sanctions, thereby enabling the court to exercise its discretion by awarding the attorneys fees and costs that arose out of the Rule 11 motion.

Section 1988 of Title 42 provides: “In any action or proceeding to enforce a provision of sections . . . 1983 ... of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys fee as part of the costs ...”

The fact that the cases to which the Court cited after this sentence deal with 42 U.S.C. §1988 does not negate this conclusion. While the Court meant the sentence to apply in any situation involving statutory attorneys fees, the statute with which the Court was concerned was 42 U.S.C. §1988; therefore the Court directed the reader to federal cases that set forth the purpose of that statute. See The Bluebook: A Unform System of Citation R. 1.2(a) at 22 (Columbia Law Review Ass’n et al. eds., 17th ed. 2000) (defining “see” signal as requiring “an inferential step between the authority cited and the proposition it supports”).

Admiral cites to Cambridge Biotech Corp. as “helpful. . . for this Court’s resolution of this legal issue ...” Reply Memorandum of Plaintiff and Plaintiffs Counsel to Defendant Michael Contos’s Opposition Memorandum on the Reasonableness of his Fee Request, at 5.

Moreover, as discussed below, Caffrey and Feinman are not seeking payment from Contos’s bankruptcy estate: rather, Contos is seeking damages in the form of attorneys fees and costs.

In this respect, In re Ross, 367 B.R. 577 (Bankr.W.D.Ky. 2007), on which Contos relies for his argument that he is entitled to attorneys fees and costs incurred while his bankruptcy petition was pending, is consistent with this court’s September 2008, decision and takes that analysis a step further to support Contos’s right to those amounts. In In re Ross, the bankruptcy court addressed the issue of the plaintiffs standing to initiate a claim against the defendant while the plaintiff was in bankruptcy. Id. at 580. The court held that, “while the Plaintiff lacked standing at the time of filing of the complaint, he acquired standing nunc pro tunc by the abandonment of the cause of action by the .. . trustee” of his bankruptcy case. Id. at 581. The court based this conclusion on the principle that property that the trustee has abandoned under 11 U.S.C. §554 “ceases to be part of the estate. It reverts to the debtor and stands as if no bankruptcy petition was filed.” Id, at 580, quoting Dewsnup v. Timm, 908 F.2d 588, 590 (10th Cir. 1990), aff'd, 502 U.S. 410 (1992). Thus, upon abandonment, “any title that was vested in the trustee is extinguished, and the title reverts to the bankrupt nunc pro tunc." Id., quoting Mason v. Commissioner of Internal Revenue, 646 F.2d 1309, 1310 (9th Cir. 1980). The phrase “nunc pro tunc" is defined as “(hjaving retroactive legal effect through a court’s inherent power . ..’’ Black’s Law Dictionary 1097 (7th ed. 1999). Applying that rule here, Contos’s right to seek damages from Admiral and Pease in the form of attorneys fees and costs reverted to him upon the trustee’s abandonment of Contos’s estate, retroactive to the time before his bankruptcy. He is therefore entitled to damages that accrued during the period his bankruptcy was active.

In his first affidavit, Feinman noted that “unbilled legal fees have been incurred in the preparation of the motion for sanctions and a memorandum of law in support thereof in the approximate amount of $900.” Affidavit of Michael B. Feinman, ¶4. In his supplemental affidavit, he itemizes charges totaling $1,064 — all but $209 of which represents Shannon’s work — between July 8 and July 11, 2003. In his opposition to Admiral’s memorandum on the reasonableness of his fee request, Contos explains that the $900 Feinman mentioned in his first affidavit is the $1,064 Feinman itemized in his supplemental affidavit. Admiral’s argument that the court should subtract this amount — which Admiral mistakenly claims is $1,144 — because it does not “even come close to matching” the $900 that Feinman estimated in his first affidavit is not persuasive. Memorandum of Plaintiff Admiral Metals Servicenter Co., Inc. and Goldman & Pease on the Reasonableness of Defendant Michael Contos’s Fee Request, at 10 n.2.